PECOS & NORTHERN TEXAS RAILWAY COMPANY, ET. AL. v. C. B. COX.

App. No. 7545.    Case No. 2376.    Decided February 14, 1912.

**1.—Statement of Facts—Extension of Time—Order in Vacation—Consent of Counsel.**

Though under the Act of May 1, 1909, Laws, 31st Leg., p. 376, sec. 7, the district judge has no power, where the term of court may by law continue more than eight weeks, to enter in vacation an order extending time for filing statement of facts and bills of exception, he may, by consent of parties, make such order in vacation under the authority given by art. 1107a, Revised Statutes, Act of April 21, 1909, Laws, 31st Leg., 1st Called Session, p. 352. (Pp. 41, 42.)

**2.—Same—Presumption.**

An order made in vacation extending the time for filing statement of facts, being beyond the court's power without the consent of counsel, will be presumed to have been made in pursuance of such consent, though counsel have no recollection of having given it. (P. 41.)

**3.—Case Distinguished.**

The ruling in this case on certified question (Pecos & N. T. Ry. Co. v. Cox, 104 Texas, 556) is approved, with reference to the question there certified, but distinguished from that made in the present case. (P. 42.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Hale County.

The railway company appealed from a judgment obtained against it in the District Court by Cox. The Court of Civil Appeals struck out the statement of facts, and affirmed without passing on errors assigned, which could not be considered in its absence. Appellant obtained a writ of error.

*Terry, Cavin & Mills,* and *Roscoe Wilson,* for plaintiff in error.

*R. R. Hazelwood, Sam. R. Merrill,* and *A. T. Lumpkin,* for defendant in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Suit was instituted in the District Court of Hale County against the Pecos & Northern Texas Railway Company and others and judgment rendered for Cox, from which an appeal was taken to the Court of Civil Appeals of the Second District and transferred to the Court of Civil Appeals of the Fourth District in the apportionment of dockets.

Before adjournment of the District Court of Hale County the judge allowed thirty days after adjournment within which to file a statement of facts and bills of exceptions, and it is claimed that counsel for both parties then agreed orally that the district judge might in vacation grant further extension if necessary. After adjournment the Hon. L. S. Kinder, before whom the case was tried, made this order:

" 'That the official stenographer who took down the testimony in this, upon the trial of this cause, has a number of orders for transcripts filed prior to the order overruling the motions of the defendants for a new trial in this cause, and that he is overcrowded with work and will not be able to furnish the transcript or the testimony to the defendants in time for them to prepare their statement of facts and bills of exception within the thirty days heretofore allowed,' ordered that an additional sixty days be allowed the petitioners, making in all ninety days after adjournment of the term at which the case was tried in which to file their statement of facts and bills of exception in this cause, and allowing the respondent the same period of time in which to file any statement of facts and bills of exception he might desire to file."

"It was further ordered, 'That the clerk enter this order upon the minutes of the District Court of Hale County, Texas, and that the same become a part of the records in this cause.' "

The above order was made in pursuance of the act of the Legislature, First Called Session, 1909, page 352, as follows:

"Art. 1107a. The judges of the district court may, in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts, as fully as in term time, except to enter final judgment in any suit; provided, that the judge may, by consent of the parties, try any case without a jury and enter final judgment, except in divorce cases. All such proceedings shall be conducted under the same rules as if done in term time, and the right of appeal and writ of error shall apply as if the acts had been done in term time."

The order was entered on the minutes and the statement of facts was filed within the time prescribed. Upon motion of the defendant in error the Court of Civil Appeals of the Fourth District struck out the statement of facts.

Counsel for defendant in error said he had no recollection of the agreement. We are of opinion that the statute copied above did not require the consent of the parties to be in writing, and the judge having made an order that he could make only by consent of the counsel or parties, the court should presume that the consent was given.

The act of the 31st Legislature, as copied above, is in plain terms

and conferred authority upon the judge of the district court to make in vacation the order that was entered in this case. The policy of the law was to facilitate and expedite the trial and final disposition of cases. It should be construed so as to secure that end.

The Court of Civil Appeals did not submit this issue in the questions certified.

Lest there be any misapprehension of the scope of this opinion we think it proper to say that we have no doubt of the correctness of the answers given to the questions certified.

It is ordered that the judgment of the Court of Civil Appeals be reversed and that this cause be remanded to the Honorable Court of Civil Appeals of the Fourth Supreme Judicial District with instructions to restore the statement of facts and to proceed with the cause upon the full record.

*Reversed and remanded to the Court of Civil Appeals.*