INTERSTATE AUTOMOBILE INS. CO. v. EDENS. (No. 733.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 6, 1921.)

1. Insurance ⬤⟳336(2)—Policy held forfeited because of other insurance.

There can be no recovery on a policy insuring an automobile against fire which provided it should be void if at the time of loss there was other insurance covering the property, where a subsequent buyer of the automobile had taken out other insurance without knowledge of the policy in question, but had paid the premium on the policy in question after learning of its existence, and attempted to continue both policies in force and to collect them after the loss.

2. Principal and agent ⬤⟳177(3) — Agent's knowledge of existing insurance imputed to principal.

The knowledge of an agent, authorized to buy an automobile, and whose purchase thereof

was ratified by his principal, that at the time of purchase the automobile was insured against fire is imputed to the principal.

**3. Insurance ⬅═336(I) — Provisions in fire policy against other insurance are material and reasonable.**

Provisions in a policy insuring an automobile against fire that it should be void if at the time of loss the property was covered by other insurance are material to the risk, and reasonable.

**4. Insurance ⬅═308, 336(I) — Statutes avoiding forfeiture do not apply where material breach cannot have contributed to loss; hence inapplicable to "other insurance" clause.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b, providing that a breach of an immaterial provision of a policy shall not invalidate the policy unless it contribute to bring about the destruction of the property, do not apply to violation of provisions in the policy which are material to the risk, but whose violation cannot in the nature of things contribute to the loss, so that they do not prevent forfeiture of the policy for violation of the "other insurance" clause.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by A. G. Edens against the Interstate Automobile Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Hodges & Grene, of Nacogdoches, for appellant.

Russell & Seale, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This suit was by the appellee, Edens, against appellant, Interstate Automobile Insurance Company, on a policy issued by appellant to one H. T. Hill in the sum of $650, insuring an automobile owned by Hill against loss by fire. The policy was issued March 30, 1920, and on July 10, 1920, the policy was regularly assigned and transferred to Edens, who, meantime, through his authorized agent, J. A. Landrum, had purchased the automobile from Hill. Hill purchased the automobile from the Nacogdoches Motor Company for $890, partly for cash and the balance on credit, and there was a clause in the policy making same payable to the Nacogdoches Motor Company as its interest may appear.

Appellee, on July 28, 1920, procured another policy from the Bankers' Automobile Insurance Company in the sum of $900, insuring the same automobile against loss by fire. This second policy was procured without the consent or knowledge of appellant. Hill did not pay his premium for the policy in question, and it was not paid at all until appellee paid it on August 1, 1920, three days after appellee had procured the second policy.

The automobile was destroyed by fire on August 15, 1920, and on January 7, 1921, appellee filed suit against both insurance companies on the policies issued by them. The Nacogdoches Motor Company, claiming an interest in the subject-matter of the suit against appellant, was permitted to intervene. Just before proceeding to trial in this suit, appellee dismissed his suit against the Bankers' Automobile Insurance Company, the reason for such action not appearing from the record.

Appellant in this suit, after a general denial, specially pleaded in bar a clause of the policy reading as follows:

"It is a condition of this policy that it shall be null and void (b) if at the time a loss occurs there be any other insurance, covering against the risks assumed by this policy, which would attach if this insurance had not been effected."

In this connection, appellant alleged, substantially, that without its knowledge or consent appellee, on or about July 28, 1920, procured from the Bankers' Automobile Insurance Company another insurance policy in the sum of $900, insuring appellee's automobile against loss by fire, and that such policy was in existence and owned by appellee at the time the automobile was destroyed by fire, and that these facts worked a forfeiture of the policy in question issued by appellant to appellee, etc.

By way of replication to this special plea, appellee alleged, substantially, that at the time he procured the second policy on the car he had no knowledge of the existence of policy issued by appellant, which is the policy here sued on, and that therefore his taking out the second policy did not work a forfeiture of the policy in question.

The case was tried with a jury, the verdict consisting of answers to two questions propounded by the trial court. These questions were:

(1) "Did plaintiff, A. G. Edens, know, at the time he took out the insurance policy with Geo. H. Matthews, agent for the Bankers' Automobile Insurance Company, that the automobile was then insured with the defendant company?"

(2) "Did the fact that the second policy of insurance issued by George H. Matthews, agent for the Bankers' Automobile Insurance Company, to the plaintiff, A. G. Edens, cause or contribute in any way to the burning of the car?"

The jury answered both questions in the negative, and upon this verdict judgment was rendered against appellant in the sum of $580, with interest on that amount at the legal rate from date of judgment. The court

further decreed that of this amount the Nacogdoches Motor Company, on its plea of intervention, was entitled to $500.48, and appellee to the remainder, and judgment was entered accordingly.

Appellant's first assignment of error complains of the trial court's refusal of its request for peremptory instruction. It is appellant's contention, under this assignment, that the policy in question prohibited, in express terms, under penalty of forfeiture, concurrent insurance, and that the procuring of the second policy by appellee and its existence at the time of the loss, all of which was without the knowledge or consent of appellant, rendered the policy in question absolutely void.

[1] After careful consideration of the question, we have reached the conclusion that appellant's contention must be sustained. It is clear, we think, that clause (b) of the policy above quoted expressly prohibits concurrent or additional insurance on appellee's automobile, and expressly provides for forfeiture if concurrent or additional insurance should be procured on the car and be in existence at the date of loss. The undisputed evidence showed that both policies were in existence and were owned by appellee on the day the car was destroyed by fire, constituting in the aggregate insurance on the car in the sum of $1,550. It is true that appellee testified that at the time he procured the second policy he had no actual knowledge of the existence of the first, the policy in question, but without question he was then the legal owner and holder of the policy in question, and was entitled to all protection given by it. And surely he actually knew of the existence of this policy when he paid the premium on it on August 1, 1920, three days after he procured the second policy; and this situation continued up to the date of the fire which destroyed the car. If, under the provisions of clause (b) of the policy, knowledge by appellee of its existence at the time he procured the second policy was required in order to a forfeiture, he had such knowledge, which continued to the date of the car's destruction. The undisputed evidence shows that J. A. Landrum acted as appellee's agent at the time he purchased the car from Hill, and that such purchase was made for appellee, and that Landrum, as such agent, caused the policy to be assigned and transferred to appellee, and, further, that Landrum was fully authorized to so act for appellee, and, further still, that appellee approved in full all that Landrum did in the transaction by which the car and policy were acquired.

Appellee testified, however, that he did not actually know that the policy had been assigned to him, or was in existence, until he paid the premium on August 1, 1920, three days after he took out the second policy. But he surely knew of the existence of this policy from the time he paid the premium on same to the date of the fire; and the undisputed proof shows that he thereafter kept both policies without making known to appellant the fact that he had procured the second policy, and that appellant had no knowledge of the existence of the second policy until after the loss. And then, after the loss, appellee, as before shown, brought suit on each policy, claiming an aggregate insurance of $1,550.

[2] If knowledge by appellee of the existence of the policy in question was required in order for his act procuring the second policy to work a forfeiture, the undisputed evidence shows that he had such knowledge through his duly authorized agent, Landrum. The evidence shows without dispute that Landrum acted for appellee in purchasing the car from Hill and in having the policy thereon transferred and assigned to appellee, and this suit is based upon the policy so assigned. Knowledge by Landrum of the existence of this policy and its transfer and assignment to appellee was, in legal contemplation, knowledge by appellee of the same facts. It is now too well settled to be questioned that knowledge of any fact acquired by the duly authorized agent of another in any transaction for the principal is imputable to the principal, and the latter will be bound thereby.

[3] The provision of the policy in question, as contained in clause (b) above quoted, was unquestionably material to the risk assumed by appellant in issuing this policy, and it was also a reasonable provision, as has been held by almost innumerable authorities of this state; and, the undisputed evidence in the case having shown that this provision of the contract was breached by appellee, he cannot recover upon the policy, unless such recovery should be permitted under articles 4874a and 4874b, Vernon's Sayles' Civil Statutes 1914. These articles provide, in substance, that a breach of an immaterial provision of a fire policy shall not invalidate the policy or constitute a defense to a suit for loss thereof unless it contributed to bring about the destruction of the property.

[4] It has been held by the Supreme Court of this state in several comparatively recent cases that the quoted articles of the statute are not applicable to a breach of those provisions contained in a fire policy which are material to the risk assumed, but a violation of which could not, from their very nature, contribute to bring about the destruction of the property. McPherson v. Camden Fire Ins. Co. (Com. App.) 222 S. W. 211; Providence, etc., Ins. Co. v. Levy & Rosen (Com. App.) 222 S. W. 216; Ætna Ins. Co. v. Waco Co. (Com. App.) 222 S. W. 217.

It is clear from the opinions in the cases cited that articles 4874a and 4874b above mentioned have no application, and cannot afford recovery to appellee in this case, for the reason that the provision of the contract, as contained in clause (b) above quoted, was a material provision to the risk assumed by appellant; but a violation of that provision could not, from its very nature, have contributed to bring about the destruction of appellee's car. The trial court's submitting to the jury the question whether or not appellee's act in taking out the second policy contributed to the burning of the car was therefore error, and the jury's answering the issue in the negative can have no effect in this case.

It is clear from what we have thus far stated that we are of opinion that appellant's request for a peremptory instruction should have been given, and the court was in error in refusing it. The case seems fully developed, and the undisputed evidence in the record shows that appellee is not entitled to a recovery on this policy, upon any theory, and the first assignment of error, and all others contained in appellant's brief, are therefore sustained, and the judgment of the trial court will be here reversed and rendered in favor of appellant; and it is so ordered.