### DOEPPENSCHMIDT v. CITY OF NEW BRAUNFELS et al.   (No. 7093.)*

(Court of Civil Appeals of Texas. Austin. Nov. 17, 1926. Rehearing Denied Jan. 5, 1927.)

**1. Mandamus ⬅178—Adjudication of mandamus proceedings in chambers, disposing of all issues, held final.**

Where parties to mandamus proceedings voluntarily appeared before court in chambers, and contentions were heard, and it was ordered, adjudged, and decreed that plaintiff take nothing and defendants recover their costs, such adjudication was final.

**2. Appeal and error ⬅223—Validity as final adjudication will not be questioned, in absence of objection to judgment rendered in "chambers."**

In absence of objection to judgment rendered in chambers, its validity as final adjudication cannot be brought into question.

**3. Judgment ⬅10—Judgment in term time may be rendered either in chambers or in courtroom.**

If judgment is entered in term time, it is immaterial whether court performed act of rendering judgment in private office or in courtroom.

**4. Judgment ⬅10—Court may render judgment in chambers during vacation with parties' consent, which is presumed.**

Judgment may be rendered in vacation by judge in chambers with consent of parties, such consent being presumed by appellate court where judge has made order that he may make only by consent.

**5. Mandamus ⬅164(2)—Verified petition for mandamus will be considered as true where general demurrers and general denials were unverified.**

Where petition for mandamus was verified and only pleadings by respondent were general demurrers and general denials unverified, such denials would be treated as nullity, allegations of petition being taken as true.

**6. Mandamus ⬅154(2)—Failure of petitioner to file schedule of liabilities of sureties on bond required held not fatal to prayer for mandamus to secure jitney license without fee.**

Where petitioner applied for mandamus to secure jitney license without payment of fee, failure on his part to file schedule of liabilities of sureties on bond required by ordinance *held* not fatal, city council having approved bond furnished.

**7. Automobiles ⬅71—Ordinance requiring fees for licensing jitneys held unauthorized (Rev. St. 1925, arts. 1031, 6698, and article 1015, subds. 36, 39).**

Ordinance requirement of fee for licensing jitneys *held* void, under Rev. St. 1925, art. 6698, prohibiting the exacting of such a fee, article 1031, and article 1015, subds. 36, 39, governing fees for licensing certain trades, professions, and callings not causing motor vehicles for hire to be excepted from inhibition of first article mentioned.

**8. Automobiles ⬅71 — Statute denying right to levy occupation or license tax on motor vehicles held not to except motor vehicles used for hire (Rev. St. 1925, art. 6698).**

Fact that Rev. St. 1925, art. 6698, preserves right of cities to license and regulate use of motor vehicles for hire, and in subsequent language denies right generally to levy occupation or license tax on motor vehicles, does not cause motor vehicles for hire to be excepted from prohibitory provision.

**9. Licenses ⬅3—Power to license includes power to exact license fee unless denial of right to exact fee immediately follows grant of power to license.**

Power to license includes power to exact license tax or fee unless grant of power to license is immediately followed by denial of power to exact license tax.

Appeal from District Court, Comal County; M. C. Jeffrey, Judge.

Mandamus by O. A. Doeppenschmidt against A. D. Nuhn, as city clerk of New Braunfels, in which the city of New Braunfels was joined as respondent. From a judgment in chambers denying the writ, petitioner appeals. Reversed and rendered.

H. L. Brewster, of Fort Worth, for appellant.

Henne & Fuchs, of New Braunfels, for appellees.

McCLENDON, C. J. Appeal from a judgment rendered "in chambers" denying to appellant a writ of mandamus to compel appellee A. D. Nuhn, city clerk of New Braunfels, to issue to appellant a "jitney" license without payment of a license fee required by city ordinance. The city of New Braunfels was joined as party respondent, but no relief was sought against it.

Appellees have moved to dismiss the appeal on the ground that the record does not show a final adjudication, and, further, because the court was without power to enter the judgment "in chambers."

The record does not show whether the court was in session when the judgment was rendered, but merely that it was rendered in chambers. If we regarded the point of any consequence, we would have the record completed in that regard. The judgment reads:

"On this, the 21st day of September, 1926, came on for trial in chambers the cause above numbered and entitled, and came the plaintiff in person and by attorney, and also came the defendant in person, and by attorney, and thereupon came on to be heard the defendants' general demurrer to plaintiff's original petition, and the court, having heard said general demurrer filed by defendants, is of the opinion

that said general demurrer should be overruled, to which action of the court in overruling defendants' general demurrer the defendants then and there excepted, and thereupon came on to be heard the plaintiff's general demurrer to defendants' answer, said answer consisting only of a general demurrer and a general denial, and the court, having heard the argument and the pleadings, refused to strike out defendants' general denial and rendered judgment for the defendants, to which action of the court, in refusing to strike out defendants' general denial and in rendering judgment for the defendants, plaintiff then and there excepted.

"It is therefore ordered, adjudged, and decreed by the court that plaintiff take nothing by his suit, and that defendants recover of plaintiff all costs in this behalf expended, for which execution may issue, to which action of the court in rendering judgment for the defendants and in overruling plaintiff's demurrer to defendants' general denial the plaintiff then and there excepted, and then and there gave notice of appeal to the Court of Civil Appeals for the Third Supreme judicial district of Texas, sitting at Austin, Travis county, Tex."

[1] It will be seen that the parties voluntarily appeared, their contentions were heard by the court, and it was "ordered, adjudged, and decreed" that plaintiff take nothing and defendants recover their costs. All issues raised were thus finally adjudicated.

[2] "Chambers" is defined as:

"The private room or office of the judge, where, for the convenience of parties, he hears such matters and transacts such business as a judge in vacation is authorized to hear, and which do not require a hearing by the judge sitting as a court." 11 C. J. 228.

[3] If the judgment was entered in term time, we think it clearly immaterial whether he performed the act in his private office or in the court room. The judgment recites an adjudication "by the court." In the absence of objection to the judgment "in chambers," its validity as a final adjudication cannot be brought in question.

[4] If the judgment was rendered in vacation, it was clearly within the power of the judge, with consent of the parties, under the following authorities: R. S. 1925, art. 1915; Glenn v. Milan, 114 Tex. 160, 263 S. W. 900; Findlay v. Walker (Tex. Civ. App.) 144 S. W. 679; Berry v. Irrigation Co. (Tex. Civ. App.) 233 S. W. 781; Montague Co. v. White (Tex. Civ. App.) 250 S. W. 736.

"The consent required by this article need not be in writing, and, where a judge has made an order that he may make only by consent, an appellate court must presume that consent was given." Railway v. Cox, 105 Tex. 40, 143 S. W. 606.

The motion to dismiss the appeal is overruled.

[5] No evidence was introduced, and the case was evidently tried on the pleadings. Appellant's petition was verified, and the only pleadings filed by appellees were general demurrers and general denials, unverified. Appellant demurred to the general denials of appellees and moved that they be stricken out, and now contends that these denials should be treated as nullity and the allegations of the petition taken as true. In this contention, appellant is sustained. Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505; Singleton v. Austin, 27 Tex. Civ. App. 88, 65 S. W. 686.

The petition alleged the passage by the city of an ordinance still in effect, providing for the licensing of "jitneys" and "motor busses." The entire ordinance is set out in the petition, and a detailed compliance by appellant with every requirement, except the payment of the license fee therein prescribed of $25 and the filing of a schedule of liabilities of sureties on the bond which the ordinance required.

[6] Appellees contend that the failure to file this schedule was fatal to his prayer for mandamus. There is no merit in this contention, since the petition alleges approval of the bond by the city council and order of the council to the clerk to issue the license on payment of the fee. The schedule was only for the purpose of determining the solvency of the sureties, and, if the council was satisfied with the bond and approved it, the requirement of the schedule was waived.

[7] The question of leading importance is whether the requirement in the ordinance for payment of a license tax was void, under R. S. 1925, art. 6698. The exact question was decided in accordance with the appellant's contention in A. B. C. Co. v. Houston (Tex. Civ. App.) 269 S. W. 882, in which a writ of error was refused; and we would rest our holding on the decision in that case, without further discussion, but for the fact that appellees very urgently contend that the carrying forward of sections 36 and 39 of article 1015, and of article 1031 into the Revision of 1925, along with article 6698, calls for a different construction of the latter.

Under article 1015, cities are given the general power, among others:

"36. *Chauffeurs, Porters, etc.*—To license, tax and regulate hackmen, draymen, omnibus drivers and drivers of baggage wagons, porters, and all others pursuing like occupations, with or without vehicles, and prescribe their compensation, and provide for their protection and make it a misdemeanor to attempt to defraud them of any legal charge for services rendered, and to regulate, license and restrain runners for railroads, stages and public houses."

"39. *Licenses and Fees.*—To authorize the proper officer of the city to grant and issue licenses, and to direct the manner of issuing and registering thereof, and the fees to be paid therefor. No license shall be issued for a longer period than one year, and shall not be assignable except by permission of the city council."

Articles 1031 and 6698 read:

"Art. 1031. (928–9) *Occupation Tax.*—The city council shall have the power to levy and collect taxes, commonly known as licenses, upon trades, professions, callings and other busi-, ness carried on; and each person and firm engaging in the following trades, professions, callings and business, among others, shall be liable to pay such license tax; every person or firm keeping a ball alley, or nine or ten-pin alley; every person or firm selling goods, wares and merchandise at public auction; every merchandise or cotton broker or commission merchant; every person or firm pursuing the occupation of hawker or peddler of goods or any article whatever; but this enumeration shall not be held to deprive the city council of the right to levy and collect other license taxes, and from other persons and firms under the general authority herein granted."

"Art. 6698. *Municipal Regulation.*—The certificate of registration and numbering for purposes of identification, and the fees herein provided for shall be in lieu of all other similar registrations heretofore required by any county, municipality or other political subdivision of this state, and no such registration fees or other like burdens shall be required of any owner of any motor vehicle or motorcycle by any county, municipality or other subdivision of the state. This provision shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation. Nothing herein shall in anywise authorize or empower any county or incorporated city or town in this state to levy and collect any occupation tax or license fees on motorcycles, motor vehicles or motor trucks."

Appellant's contention is that the first three provisions quoted give to cities the express power to exact a license fee on all vehicles operated for hire. Therefore it is contended that the inhibition in article 6698 must be construed as excepting motor vehicles used for hire under the holding in McKenzie v. Baker, 88 Tex. 675, 32 S. W. 1038.

We do not regard the provisions of article 1015, subds. 36 and 39, and article 1031 as in conflict with the inhibition in article 6698. Subdivision 36 of article 1015 authorizes license taxes on individuals engaged in certain named occupations. Subdivision 39 generally authorizes the granting of licenses, while article 1031 in general terms authorizes the levy and collection of licenses on trades, professions, and callings.

We find no inconsistency between these articles and the inhibition in article 6698. But even giving them the broad construction contended for, and construing all the provisions of the 1925 revision as one act, the inhibition must be given full force and effect, and be read into the other articles as an exception to or limitation upon the powers therein granted. The inhibition is an express denial of a power in a specific matter, while the other articles merely grant a general power in language broad enough to include the subject-matter of the inhibition. This holding is clearly sustained by McKenzie v. Baker.

[8, 9] Appellees further contend that, since article 6698 preserves the right of cities "to license and regulate the use of motor vehicles for hire in such corporation," the subsequent language denying the right generally to levy an occupation or license tax on motor vehicles should be construed as excepting therefrom motor vehicles used for hire. The power to license includes the power to exact a license tax or fee. But when the grant of power to license is immediately followed by a denial of the power to exact a license tax, the incident of power to tax ordinarily appurtenant to the power to license is taken away from the latter power. The language of the article denying to cities the power to "in anywise" "levy and collect any occupation tax or license fees on motorcycles, motor vehicles or motor trucks" is plain and unambiguous. It includes all motor driven vehicles, regardless of the use to which they may be put. The power to license and regulate is given to cities, but the power to impose a license or occupation tax is expressly denied. The Legislature clearly intended and enacted that the fees which it prescribed should be in lieu of all others.

The trial court's judgment is reversed, and judgment is here rendered awarding to appellant the mandamus as prayed for.

Reversed and rendered.

### On Motion for Rehearing.

Appellees for the first time call our attention to the following cases which, they contend, are in conflict with our holding regarding R. S. art. 6698; Booth v. Dallas, 179 S. W. 302, Gill v. Dallas, 209 S. W. 209, Graham v. Seal, 235 S. W. 671, and Prater v. Storey. 249 S. W. 871, by the Courts of Civil Appeals, and Ex parte Parr, 82 Tex. Cr. R. 525, 200 S. W. 405, and Ex parte Beck, 92 Tex. Cr. R. 20, 241 S. W. 174, by the Court of Criminal Appeals.

Booth v. Dallas and Prater v. Storey are manifestly not in point and need not be further noted.

While in Dallas v. Gill the statute in question was construed and the general powers of cities to regulate and license was upheld, it does not appear that the particular question of the power to charge a license fee was involved, and the question was not discussed.

In Graham v. Seal the case was decided on other grounds, and the holding on the question now before us was clearly dictum. It may be noted that the Supreme Court refused a writ of error in that case "for want of jurisdiction."

In Ex parte Parr the exact question appears to be decided adversely to our former holding, in the following language:

"With reference to the conflict with the state law, it appears that section 25 [R. S. art.

6698] of the act mentioned [Laws 1917, c. 190] contains the following:

· "'But this provision shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation.'

"Similar authority is reserved in the city in another act of the same Legislature."

It will be seen that the tax inhibition in article 6698, upon which the holding in A. B. C. Co. v. Houston is rested, was not embraced in the quotation from that article by the Court of Criminal Appeals.

It may also be noted that the wording of the tax inhibition, "motorcycles, automobiles or motor," as originally enacted, was changed by the codifiers so as to read "motorcycles, motor vehicles or motor trucks." But we attach no particular significance to this change.

The Parr decision was upon application for writ of habeas corpus, Parr being held under a charge of violating a city ordinance requiring the procuring of a license. The decision deals with the powers of cities to license the occupation of operating motor vehicles for hire. It may be that the tax feature of the ordinance, even if held invalid, would not invalidate the ordinance otherwise, but would leave intact the requirement to procure a license.

We will assume, however, that the holding in the Parr Case was necessary to the decision and is in conflict with the decision in the A. B. C. Case. The holding in the latter was clearly absolutely essential to the decision rendered and furnished the only ground on which the trial court's judgment was disturbed. The city of Houston sued out a writ of error in that case, and we quote the only assignment of error presented in the application:

"The Court of Civil Appeals erred in holding, as a matter of law, that article 7012½h (present article 6698) of Vernon's Revised Statutes of Texas of 1918, while authorizing cities to require those who operate vehicles on the streets of such city to procure a license to do so, forbids the city to require the payment of a license fee for the issuance of such license."

This application was refused; and such refusal constitutes the only authoritative pronouncement upon the question by the Supreme Court to which our attention has been called. We feel bound by this decision, regardless of the holdings of other courts.

We will add that nothing has been presented which would lead us to a view contrary to our original holding to the effect that the A. B. C. Co. Case was correctly decided on principle. If the Legislature had intended to except motor vehicles for hire from the tax inhibition in article 6698, it would not have been a difficult task to do so in express language. As the inhibition now reads, it clearly, to our minds, includes motor vehicles however used.

The motion is overruled.

Motion overruled.