### AMERICAN RY. EXPRESS CO. v. SAWYER. (No. 3396.) *

Court of Civil Appeals of Texas. Texarkana. June 29, 1927.

Rehearing Denied July 7, 1927.

New trial ⬦⇒44(3)—Jurors' misconduct in personal injury action in considering former injury and attorney's and witness' fees held to require new trial.

     In personal injury action, jurors' misconduct, in considering former injury and fees plaintiff would have to pay his attorney and a physician who was a witness, held such misconduct as required granting a new trial.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Action by R. E. Sawyer against the American Railway Express company and another. Judgment for plaintiff as to the American Railway Express Company, and the company appeals. Reversed and remanded.

In the discharge of duty he owed the appellant company, appellee, Sawyer, on October 20, 1925, was engaged in unloading an iron casting weighing from 50 to 75 pounds, from a car used by appellant as a common carrier of goods, when he claimed his foot struck a nail protruding upward from the floor of the car, causing him to fall, whereby he alleged he suffered injury to his person. He charged that appellant, in furnishing a car with a nail so protruding for him to work in, was guilty of negligence which was the proximate cause of the injury he suffered. In its answer appellant denied the charge, but, on special issues submitted to them, the jury found it was guilty of such negligence, whereupon judgment was rendered in appellee's favor against appellant for $4,500, the sum the jury found would compensate him for the injury he sustained. Appellee made the International-Great Northern Railroad Company a party defendant to his suit, but the judgment was in its favor, and it is not a party to the appeal.

Baker, Botts, Parker & Garwood, Walter H. Walne, S. H. German, and H. Malcolm Lovett, all of Houston, for appellant.

J. D. Pickett, of Palestine, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists the judgment is erroneous and should be reversed, because it says, (1) the evidence did not warrant a finding that a nail protruded from the floor of the car as charged by appellee; (2) if the evidence did warrant such a finding, there was neither pleading nor proof that appellant knew or was chargeable with knowledge that the nail was so protruding; (3) the jury was guilty of misconduct in that, in determining what their findings should be, they took into consideration injury appellee suffered to his person while he was working for appellant on an occasion other than the one in question here, and fees he would have to pay the attorney who represented him in the prosecution of this suit and a physician who testified as a witness on the trial thereof.

We think the judgment has sufficient support in the pleadings and in the evidence as well, and that it could be affirmed but for conduct of the jury complained of. It appeared from testimony of the jurors who tried the case (given at the hearing of the motion for a new trial in the court below) that when the jury began to consider what their verdict should be, one of them did not think appellee should recover anything of appellant, two thought he should recover $1,000, three that he should recover $8,000, and the others that he should recover $4,000. It further appeared that during their deliberations some of the jurors discussed in-

---

jury appellee received while working for appellant at a time before the time he suf-fered the injury in question here, and wheth-er appellant had paid him anything on ac-count of said injury, and also discussed fees he would have to pay his lawyer and a physi-cian who testified as a witness in the case. Further, it appeared from the testimony of J. V. Prather, the juror who did not think appellee should recover anything at all, that, in changing his mind and joining in the finding that appellee was entitled to recov-er $4,500 of appellant, he considered at-torney's and physician's fees appellee would have to pay and the fact, he assumed, that appellant had not paid appellee anything on account of injury he suffered while working for it on the other occasion referred to.

We think the case made by the testimony referred to is within the rules recognized by the Supreme Court as controlling in such matters (Moore v. Ivy [Tex. Com. App.] 277 S. W. 106; Ry. Co. v. Robinson [Tex. Com. App.] 285 S. W. 269, 46 A. L. R. 1507; Ry. Co. v. Gray, 105 Tex. 40, 143 S. W. 606; Ry. Co. v. Harvey [Tex. Com. App.] 278 S. W. 839; Ry. Co. v. Alexander [Tex. Com. App.] 280 S. W. 753), and that we cannot do oth-erwise than reverse the judgment and re-mand the cause to the court below for a new trial.