## PENDLETON v. PACE. (No. 3641.)

Court of Civil Appeals of Texas. Texarkana.
Oct. 1, 1928.

Rehearing Denied Oct. 1, 1928.

LEVY, J. (after stating the facts as above). [1] It is believed that this court has jurisdiction to determine the appeal. The judgment was in final determination of the right of appellant to a mandamus as well as restraining injunction as prayed in the petition. Under the statute an appeal would lie from such judgment because the record warrants the conclusion that there was trial by consent of the parties before the district judge in vacation. Article 1915, R. S.; Glenn v. Milam, 114 Tex. 160, 263 S. W. 900; Doeppenschmidt v. City of New Braunfels (Tex. Civ. App.) 289 S. W. 425.

It is believed that the trial court correctly decided the case, and that the judgment should be affirmed. It appears that after the county Democratic executive committee had canvassed the result of the Democratic primary election held on July 28, 1928, and before the chairman of the committee had certified nomination to the county clerk of the county, as required of him by article 3125, R. S., the appellee timely entered a contest of the primary election before the county executive committee. The contest was made under article 3146, providing therefor. After the committee had entered upon a hearing of the contest, and before the executive committee had decided the same, the contesting parties entered into a written agreement providing, in purpose and effect, for the immediate abandonment of the contest proceeding and to otherwise have another and a different relief. As neither the appellant nor the appellee were under any legal duty to enter into such agreement, the act of so doing must be regarded as a purely voluntary one. Both parties would be held to know of their legal rights in such matters and respects. The agreement was that—

"The executive committee do now declare the result as shown by the primary on July 28, 1928, on the office of county judge, void, and set aside the result thereof."

Continuing, as agreed—

"That our names be placed on the official ballots as candidates for county judge to be voted on in the second primary election for all precincts in Smith county for August 25, 1928, and the result of that primary be accepted as making the nomination for said office."

The county executive committee assented to the agreement of the parties and acted upon its terms. Thereupon the appellant and appellee both actively entered into the second primary of August 25, 1928, and incurred expenses incident thereto, and their names appeared on the official ballots, and they were voted upon by the party electors throughout the county. It is clear that the order of the executive committee of August 18, declaring that there was "no election result in the primary held on July 28, 1928, on the office of county judge of Smith county, Tex.," and directing the names of appellant and ap-

Butler, Price & Maynor and Gentry, Gray & Gentry, all of Tyler, for appellant.

Brooks & Arnold and Edwards & Hughes, all of Tyler, for appellee.

pellee "to be printed on the official ballot for the primary election to be held in Smith county on August 25, 1928," was in pursuance only of the agreement of the parties and merely to carry out its terms. The agreement of the parties was in the purpose, and had the effect, to withdraw contest proceeding and decision thereon by the executive committee, and to otherwise provide and assent to an independent procedure, and another and different relief. As made, the order of the committee was not intended and does not purport to be a pure decision of the executive committee as such in a contested election case. The executive committee did not undertake the exercise of authority independent of the agreement of making final adjudication of a contest of election under the statute. Hence no question properly arises for decision of the authority of the executive committee to entertain and determine a contest of election. And if it could be conceded for the moment that the executive committee assumed the authority to enter the order as made in the terms of the agreement, still that assumed authority was consented to in writing by the parties, and they abided by and accepted the award and benefits from it.

It is concluded that in the special circumstances the agreement of the two opposing candidates for nomination to renounce or annul the "result of the first primary" and to submit their nomination to the electors of the party, in the second primary is binding on them, and that they may not now withdraw such agreement. In agreeing to set aside and make void "the result of the first primary" of July 28 as to county judge, or, which is practically the same thing, to create a default or omission of nomination, there is clearly indicated the intent on the part of the appellant, as well as the appellee, to withdraw from or decline any legal position or claim or right of nomination in virtue of that primary election. That is the effect of the agreement; and such effect was acted upon and made operative by the parties. It is quite competent for contesting parties to agree to withdraw and abandon contest proceedings. It is quite as competent for candidates to decline or annul a nomination or any claim or right to a nomination in the first primary. Although the proceedings were independent of and not strictly in the mode prescribed by statute, yet the same were by express consent in writing of the parties, and they were not void, as being prohibited by statute or as against public policy. It would follow that appellant, as well as appellee, were concluded and estopped from resorting to or insisting upon any former status or claim or right of nomination possessed in virtue of the first primary, and that appellant cannot now maintain a mandamus to restore him to the position of a nominated candidate in the first primary. The doctrine of equitable estoppel is applicable to the particular circumstances. Bigelow on Estoppel (6th Ed.) pp. 746, 749; 21 C. J. p. 1202 et seq.; 9 R. C. L. p. 1174. There is similarity in principle between this case and the case of O'Malley v. Lesueur, 103 Mo. 253, 15 S. W. 539. The present facts are unlike those of State v. Goff, 129 Wis. 668, 109 N. W. 628, 9 L. R. A. (N. S.) 916, in that there was not in that case the element of withdrawal or declination of nomination or any right to nomination.

The foregoing are the reasons, briefly stated, inducing us to announce our conclusion affirming the judgment denying the peremptory writ.