### MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. HEMPKINS.

#### No. 3867.

Court of Civil Appeals of Texas. Texarkana.
June 25, 1930.

Rehearing Denied July 3, 1930.

gence of a fellow servant in the manner of his handling the rail, which negligence proximately caused the injury to appellee. There was evidence sufficient to carry that issue of negligence vel non to the jury, and therefore, because of that fact, the peremptory instruction was properly refused by the court.

The appellant presents and urges misconduct of the jury as a ground for a new trial. Evidence was heard by the trial court, and the findings thereon, as made by him upon conflicting evidence, must be regarded as final. Houston & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Bradley v. Ry. Co. (Tex. Com. App.) 1 S.W.(2d) 861.

We have considered all the assignments of error, and conclude that each of them should be overruled.

The judgment is affirmed.

B. M. McMahan, of Greenville, Spell, Naman & Howell, of Waco, Chas. C. Huff, of Dallas, and Hilton E. Howell, of Waco, for appellant.

Bowman & Bowman, of Greenville, and Randell & Randell, of Sherman, for appellee.

LEVY, J. (after stating the case as above).

The appellant predicates error upon the refusal of the court to give a peremptory instruction to the jury to find a verdict in its favor. We think, as urged by the appellant, that the undisputed evidence shows the appellee was an experienced section foreman familiar with the character of work being done, and knew that the force of men assigned to him to do the work in hand was insufficient for the purpose without danger. We think it was further conclusively established that the railroad company was engaged in interstate commerce, and that the track being repaired was used in interstate commerce. In the light of these precise facts, as stated, were they the only facts in the case the appeal would be governed by the common-law rule of assumed risk, as applied under the Federal Employers' Liability Act (45 USCA §§ 51–59), since the case of Pedersen v. D., L. & W. R. Co., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, would apply. But there was another and distinct ground of negligence pleaded and relied upon, the negli-