Hart, J.
 

 Staker complains that the Common Pleas Court erred in allowing oral evidence to be introduced relative to the votes cast by the three absent voters; in making a finding of fact that the three absent-voter ballots were legally cast for Otworth; in finding that Otworth was duly elected to the office of township trustee; in not rendering final judgment for Staker; and in failing to render a judgment setting aside the election as to the second township trustee because of gross irregularity and illegal acts nullifying the election.
 

 Owing to the view which this court takes of the matter, it will be necessary to consider only one of these alleged errors. The duplicate ballots cast by the first 10 electors voting in precinct B were clearly illegal
 
 *370
 
 and, if identifiable, should not have been counted. Under Section 4785-144, General Code, where “two or more ballots are found folded together among the ballots removed from a ballot box, they shall be deemed to be fraudulent.” Since these illegal or fraudulent votes were largely in excess of the plurality of votes given to either candidate by the county board of elections or by the Common Pleas Court in this action, it was impossible for either the board or the court to determine which candidate was in fact elected. Under such circumstances the duty of the court is clear. It should declare the election void. Section 4785-171, General Code.
 

 In 15 Ohio Jurisprudence, 400, Section 72, it is stated:
 

 “It may be stated, as a general rule, that honest mistakes or mere omissions on the part of election officers, or irregularities in directory matters, even though gross, if not fraudulent, will not render an election, or particular votes cast therein, invalid, unless they affect the result of the election,
 
 or render it uncertain.”
 
 (Italics supplied.)
 

 In 18 American Jurisprudence, 330, Section 224, the general rule is stated as follows:
 

 “If, however, the irregularities are so widespread and general and of so flagrant a character as to raise a doubt as to how the election would have resulted had they not occurred, they are deemed to be fatal and will warrant the rejection of the entire vote of the election district, unless it is possible to separate the illegal from the legal votes.” See
 
 Johnson
 
 v.
 
 Little,
 
 176 Ky., 505, 196 S. W., 156, Ann. Cas., 1918A, 70;
 
 Harrison
 
 v.
 
 Stroud,
 
 129 Ky., 193, 110 S. W., 828, 16 Ann. Cas., 1050;
 
 Glenn
 
 v.
 
 Gnau,
 
 251 Ky., 3, 64 S. W. (2d), 168, 90 A. L. R., 1355;
 
 Poor
 
 v.
 
 Town of Duncombe,
 
 231 Iowa, 907, 2 N. W. (2d), 294.
 

 
 *371
 
 Here, both the contester and contestee participated in the irregularity and they are both estopped to claim an election, where such irregularity has made it impossible to ascertain the true result as would otherwise be expressed by those casting legal ballots. (See
 
 Pendleton
 
 v.
 
 Pace
 
 (Texas), 9 S. W. (2d), 437; State,
 
 ex rel.
 
 LaFollette, v. Kohler, 200 Wis., 518, 228 N. W., 895, 69 A. L. R., 348.
 

 It is the opinion of this court that where, in an election contest, it appears that certain electors, in number several times greater than the plurality of votes awarded by the election authorities to the winning candidate over his opponent, were each delivered two identical ballots; that each such elector voted both ballots so delivered to him thus causing such ballots to be illegally cast; and that such illegal ballots were not subject to identification and rejection; such irregular and illegal voting is of such magnitude as to require the court to declare such election void and to set it aside.
 

 The judgment of the Common Pleas Court is reversed and the certificate of election to the office of township trustee of Green township, Scioto county, heretofore issued to Otworth is hereby cancelled.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Matthias, J J., concur.