**Office of the Attorney General**
**State of Texas**



**DAN MORALES**
ATTORNEY GENERAL

May 3, 1991

Mr. Allen Beinke
Executive Director
Texas Water Commission
P. O. Box 13087, Capitol Station
Austin, Texas 78711-3087

Opinion No. DM-22

Re: Authority of an underground water conservation district to assess annual permit and registration fees (RQ-2193)

Dear Mr. Beinke:

An underground water conservation district operating under chapter 52 of the Water Code must require permits for the drilling and equipping of certain water wells within the district. Water Code § 52.166, *et seq.* Section 52.170 exempts various kinds of wells from the permitting requirement; however, subsection (g) of that section requires such exempt wells to be registered with the district and to conform to certain district rules.

You ask whether, under the rule-making powers provided for in section 52.151, such districts have authority to impose fees for well permitting or registration. Section 52.151 provides:

> A district may make and enforce rules to provide for conserving, preserving, protecting, recharging, controlling sub-sidence, and preventing waste of the underground water of an underground water reservoir or its subdivisions and to carry out the powers and duties provided by this chapter.

Neither chapter 52 nor any other provisions of general law applicable to underground water conservation districts specifically provide for a district's imposition of a fee in connection with well permitting or registration. Prior attorney general opinions have consistently ruled that public entities, other than home-rule cities, may not charge a fee unless it is specifically provided for by law, and that fees are not permitted by implication. *See, e.g.,* Attorney General Opinions JM-441 (1986); JM-346, JM-345 (1985); MW-5 (1979); H-647 (1975). *Accord Moore v. Sheppard,* 192 S.W.2d 559 (Tex. 1946); *Nueces County v. Currington,* 162 S.W.2d 687 (Tex. 1942); *McCalla v. City of Rockdale,* 246 S.W. 654 (Tex. Comm'n App. 1922, opinion adopted).

A brief submitted in connection with your request cites two Texas appellate court cases for the proposition that the power to regulate an activity includes the power to impose a fee to cover the cost of regulation. *Producers Ass'n of San Antonio v. City of San Antonio*, 326 S.W.2d 222 (Tex. Civ. App.--San Antonio 1959, writ ref'd n.r.e.); *Doeppenschmidt v. City of New Braunfels*, 289 S.W. 425 (Tex. Civ. App.--Austin 1926, writ ref'd). *Producers Association of San Antonio* dealt with the authority of a home-rule city to impose a fee by ordinance and, as such, is distinguishable from the situation addressed in your request. While water districts and other political subdivisions of the state have only such powers as are provided by the constitution and statutes, *Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann*, 142 S.W.2d 945 (Tex. 1940), home-rule cities may, under duly adopted city charter provisions and ordinances, exercise any powers not inconsistent with the general laws or constitution. Tex. Const. art. XI, § 5; *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex. 1975). The *Producers Association of San Antonio* court specifically found that the home-rule city at issue had authority under its ordinance, adopted pursuant to article XI, section 5, to impose a particular fee. 326 S.W. 2d at 225.

The *Doeppenschmidt* opinion dealt with a license fee a city had attempted to impose on motor vehicles used for hire; it did not indicate whether the city in question was home-rule. *Doeppenschmidt* struck down the fee there because it found that applicable state law specifically denied the city the power to impose the fee. 289 S.W. at 427.[1]

We believe that a court today, if presented with the issue whether an underground water conservation district has the implied power under section 52.151 to impose a fee for permitting or registering wells, would follow the rule recognized by the Supreme Court in *Moore v. Sheppard, Nueces County v. Currington*, and *McCalla v. City of Rockdale, supra* -- that fees must be specifically provided for by law and are not permitted by implication -- and would accordingly hold that such districts are not thereby authorized to impose the

---

[1]The court did make the broad statement that "the power to license includes the power to exact a license fee or tax." 289 S.W. at 427. That statement was not necessary to the holding in *Doeppenschmidt* and must, we think, be considered as *dicta.*

fees at issue.[2]  Because we conclude that section 52.151 does not provide authority to impose the fees in question, we need not address your other questions.

## SUMMARY

Section 52.151 of the Water Code does not provide authority for underground water conservation districts to impose a fee in connection with permitting or registering wells.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General

---

[2]Our conclusion that underground water conservation districts are not authorized by section 52.151 to impose the fees in question is bolstered by the specific authorization for the imposition of well-permitting fees by the Barton Springs-Edwards Aquifer Conservation District in section 2 of the special law applicable to that district. Acts 1987, 70th Leg., ch. 429, at 1993. That special law also authorizes the Barton Springs-Edwards Aquifer Conservation District to exercise chapter 52 powers. Had the legislature believed that chapter 52 independently authorized imposition of such fees, its addition of the fee authority to the Barton Springs District's act would have been superfluous.