**SILLIMAN v. OLIVER et al.   (No. 6857.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1923. Rehearing Denied Feb. 14, 1923.)

**I. Appeal and error ⬅➡931(9) — Issues not covered by findings reduced to writing at appellant's request presumed adverse to him.**

Where, at the request of a defeated litigant, certain of the findings of fact are reduced to writing and no exceptions saved, the material issues not embraced therein are presumed to have been resolved against him.

**2. Vendor and purchaser ⬅➡244 — Evidence held to prove defendant innocent purchaser.**

Evidence including conversations and written admissions of plaintiff *held* to support finding that defendant in trespass to try title was an innocent purchaser for value without notice

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of plaintiff's unrecorded deed for which plaintiff had paid no consideration.

**3. Appeal and error ⊕➝1097(7)—Denial of writ of error constitutes approval of appellate court's decision.**

Where, on a previous appeal, questions therein decided were presented to the Supreme Court on application for writ of review and the writ denied, the Court of Civil Appeals will assume that its decision as to admissibility of evidence on the trial was approved.

**4. Appeal and error ⊕➝690(4)—No question presented by assignment to testimony not shown by bill of exceptions.**

Under assignment of error complaining of certain testimony shown by bill of exceptions, no question is presented where the bill describes the testimony as "certain agreements and understandings" without stating them.

**5. Evidence ⊕➝432, 444(4) — Parol evidence admissible to show deed not intended to operate until payment of consideration and that consideration was not paid.**

In trespass to try title, parol evidence was properly admitted to prove that plaintiff's deed was delivered with the understanding it was not to be considered a deed and should not be effective until he should pay his share of the purchase money, and that he never in fact paid such consideration.

**6. Stipulations ⊕➝14(10)—Agreed statement of facts waives objections to testimony of fact recited therein.**

Recital, in the agreed statement of facts in the record, that plaintiff never paid any consideration for his deed, waived any objection to testimony of the same fact.

Appeal from District Court, Val Verde County; Joseph Jones, Judge.

Action by W. B. Silliman against Walter Oliver and another. Judgment for defendants, and plaintiff appeals. Affirmed.

M. E. Sedberry, of San Angelo, Wardlaw & Elliott, of Sonora, Boggess & Smith, of Del Rio, and W. H. Lipscomb, of Fort Worth, for appellant.

Foster & Foster, of Del Rio, and Douglas, Carter & Childers, of San Antonio, for appellees.

SMITH, J. [1] This is the second appeal in this cause. Silliman v. Oliver et al. (Tex. Civ. App.) 233 S. W. 867. Upon the former trial the court below directed a verdict for appellees, for whom judgment was accordingly rendered. Upon appeal that judgment was ordered reversed, upon the sole ground that the evidence raised certain issues of fact which should have been submitted to the jury. The Supreme Court refused writ of error prosecuted from that appeal. 240 S. W. xxi. Upon the second trial the cause was submitted to the court, without the intervention of a jury, upon the identical testimony adduced in the first trial, supplemented by a somewhat extended agreement of the parties based upon that testimony. Upon this record the court again rendered judgment for appellees, thus resolving in their favor every issue of fact raised by the evidence. Some of these findings of fact were reduced to writing by the court below at the request of appellant, who excepted to none of them; the material issues not embraced in these written findings, and which were raised by the testimony, are presumed to have been resolved against appellant.

The course the cause has taken serves to practically dispose of the cause, and leaves but little to be done on this appeal. There is no occasion here to restate the case, the facts of which are sufficiently set out in the former opinion, to which reference is here made for such statement.

[2] It is contended by appellant in his first assignment of error that the court should have rendered judgment for him because the record title to the land in controversy was shown to be in him, and there was no evidence showing, or tending to show, that appellee Pelt was an innocent purchaser of the land. Upon the issue of innocent purchaser, the trial court found:

"I find that Pelt was an innocent purchaser of the land from Oliver, without notice of Silliman's claim; he (Pelt) being justified in accepting Oliver's statement that Silliman had relinquished all claim to the land, without the necessity of making inquiry from Silliman with regard thereto, in view of having read Silliman's letter referring to the land as belonging entirely to Oliver and having understood from conversations with Silliman that he (Silliman) had relinquished his claim."

This finding was not excepted to; but, aside from that, we think the testimony amply supported it. The deed to Silliman had not been put on record at the time Pelt purchased the land, and the latter was not aware that such deed had ever been executed. The only information he had ever had of Silliman's interest in the land was that the latter was to have a half interest in it in event he should be able to pay half of a $15,000 note he and Oliver had executed for the purpose of lifting an indebtedness against the property. He subsequently ascertained from Silliman that he (Silliman) could not and did not pay any part of this note, which was paid wholly by Oliver, had relinquished all claim upon the land, and had admitted in writing that the land belonged to Oliver. Other circumstances led Pelt to understand the obvious fact that Silliman had entirely abandoned any hope or purpose to obtain an interest in the land, and we think the court correctly resolved this issue against him.

[3] In his second and fourth assignments of error appellant complains of the admission of testimony showing the facts and circumstances, and the oral agreements and understandings between Oliver and Silliman, occurring before, at the time of, and subsequently to, the execution of the deed from the one to the other, including the facts of the alleged delivery, surrender, and redelivery of that deed. The questions now raised were disposed of adversely to appellant in the former appeal, and we see no reason for again discussing them. These very matters were presented to the Supreme Court, in appellant's application for writ of error, and we must assume that that court approved the holding of this court that under the peculiar facts of the case the testimony was admissible. The second and fourth assignments are accordingly overruled.

[4, 5] In his third assignment of error appellant complains of the admission of certain testimony shown in his bill of exceptions No. 2. By reference to bill of exceptions No. 2 the testimony objected to is described as "certain agreements and understandings" between Oliver and Silliman "prior to the execution and delivery" of the deed in controversy. What those "agreements and understandings" were is not shown in the bill, and there is nothing for this court to pass upon. However, it is asserted in the assignment that the testimony to which objection was made was that the deed from Oliver to Silliman was delivered with the understanding that it should not be considered a deed, and should not become operative or take effect until and unless Silliman should pay his part of the purchase money for the land in controversy. This question was also disposed of adversely to appellant upon the former appeal, and we adhere to that disposition, overruling the third assignment of error.

[6] By his fifth and last assignment of error appellant complains of the admission of testimony showing that Silliman did not in fact pay any part of the $5,000 cash consideration recited in the deed to have been paid. We think the testimony was properly admitted, as decided in the former opinion; but whether it was or not, it was expressly recited in the agreed statement of facts in the record that this sum, nor any part of it, was ever paid, and appellant in this way entirely and conclusively waived his objection to this testimony. This assignment of error overruled.

We think the judgment of the court below is fully sustained by the testimony upon every issue in the case, and under that testimony, and the court's findings thereon, appellees were entitled to recover by every rule of justice, equity, and law.

The judgment is affirmed.