### CHAPMAN et al. v. SUNSHINE OIL CORPORATION et al. (No. 1531.)

(Court of Civil Appeals of Texas. El Paso. Nov. 28, 1923.)

**1. Mines and minerals ⬤⟿78(7) — Whether drilling operations prosecuted with due diligence question of fact.**

Whether drilling operations provided for in a lease were prosecuted with due diligence was an issue of fact under the evidence showing a well 828 feet had been drilled in over two years' time, and did not show failure to use due diligence as a matter of law.

**2. Appeal and error ⬤⟿931(4)—Finding made in judgment controls, although no separate findings filed.**

In an action for rescission of a lease providing for forfeiture if a well was not begun within one year, where no separate findings were filed, a finding in the judgment that a well was begun, and that such well fulfilled the terms, constituted an express finding against plaintiffs; but, if that was not its effect and the evidence warranted a finding in defendants' favor, it must be assumed that the court so found, and its finding controls.

**3. Judgment ⬤⟿252(2) — Judgment awarding relief where none asked improper.**

In an action for rescission of a lease, a judgment quieting defendants' title, when defendants sought no affirmative relief, was improper.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Action by P. C. Chapman and others against the Sunshine Oil Corporation and others for rescission of a lease. From a judgment for defendants, plaintiffs appeal. Reformed and affirmed.

H. G. Russell, of Pecos, for appellants.
John B. Howard, of Pecos, for appellees.

HIGGINS, J. On May 28, 1918, Wm. M. Johnson, lessor, granted and conveyed to John B. Howard and Alfred Tinally, lessees, all of the oil, gas, and other minerals in and under various sections of land. The instrument recites a cash consideration of $1 paid

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by the lessees, and provided a one-eighth royalty in favor of the lessor. Other material provisions of the contract were to the effect that, if operations for the drilling of an oil or gas well upon the premises were not begun within one year from its date, the conveyance should be forfeited, unless the lessees or their assignees should pay to the lessor, on or before each of the anniversaries of the lease, according to its date, 10 cents per acre for the period operations were delayed; if oil, gas, or other minerals were discovered, the instrument was to remain in force as long as the same was found in paying quantities. Howard and Tinally transferred the lease to the Sunshine Oil Corporation. P. C. Chapman and others, plaintiffs in the court below and appellants here, by mesne conveyances acquired from Johnson one of the leased sections together with all of his rights under the lease so far as it related to such section.

On June 29, 1922, Chapman and his co-owners brought this suit for cancellation or rescission of the lease so far as it affected the section owned by them against the Sunshine Oil Corporation, Howard, Tinally, and others, who, it was alleged, were asserting some rights through and under the original lessees and their assignee the Sunshine Oil Corporation.

Upon trial without a jury judgment was rendered that plaintiffs take nothing and defendants' title be quieted. From this judgment the plaintiffs appeal.

There were no separate findings of facts and conclusions of law filed, but in the judgment the court makes findings to the effect that delay rental was paid, and upon February 20, 1920, a well was begun on one of the sections embraced in the Johnson lease for the purpose of prospecting for oil and gas, and that such well fulfilled the terms of the lease contract. It was admitted that delay rental had been paid covering the period to March 31, 1920. All of the evidence relating to the beginning and drilling of the well was adduced by the plaintiffs. The evidence will support findings as follows:

That drilling operations were commenced on one of the sections embraced in the Johnson lease on February 21, 1920, and continued until about May, 1922, when a depth of 828 feet was reached.. During the time drilling was in progress several delays occurred, some of which are not very definitely explained. There is evidence that oil was discovered at a depth of about 650 feet in another well in the vicinity of this one. There is also evidence that oil may be discovered in different fields at any depth up to 5,000 feet. The rig used in drilling the well was not adapted to deep drilling, but was sufficient for the depth actually drilled.

The theory of the appellants is that there was an implied obligation upon the part of the appellees not only to begin a well but to continue the prosecution of drilling operations for development purposes with due diligence, and failure so to do ground for rescission.

Appellants say the trial court based its judgment upon the view that appellees were obligated to do no more than to begin the well within the prescribed time, but this court must take the record as it finds it, and in the state of the record we are not advised of the theory upon which the trial court proceeded.

[1, 2] Whether or not the drilling operations were prosecuted with due diligence was an issue of fact under the evidence detailed. We are not prepared to hold that such evidence as a matter of law shows a failure to use due diligence. We are inclined to the view that the finding in the judgment to the effect that the well upon the premises was a fulfillment of the lease contract in effect constituted an express finding against appellants upon such issue, but if that is not its effect then there is no finding upon the issue, and in such case, where "the evidence is conflicting, the court below will be presumed to have arrived at that conclusion which is necessary to support the judgment." Gardner v. Watson, 76 Tex. 25, 13 S. W. 39; Silliman v. Oliver (Tex. Civ. App.) 247 S. W. 902. So, if there is no express finding upon the issue of whether the drilling operations constituted due diligence, and the evidence warranting a finding in appellees' favor upon the issue, it must be assumed that such issue was found by the trial court in appellees' favor, and its finding controls.

[3] The only remaining question relates to assignments complaining of that feature of the judgment granting affirmative relief to appellees in quieting their title. The appellees sought no affirmative relief, and this phase of the judgment was improper. The judgment will be reformed by the elimination of such feature, and as thus reformed it will be affirmed.

Reformed and affirmed.