## MEANS et al. v. LIMPIA ROYALTIES et al.
### No. 3288.

Court of Civil Appeals of Texas. El Paso.
Nov. 27, 1935.

Rehearing Denied Jan. 2, 1936.

Whitaker & Perkins, of Midland, and Samuels, Foster, Brown & McGee, of Fort Worth, for appellants.

C. R. Carpenter, of Andrews, W. C. Franklin, of Tulsa, Okl., and Saner, Saner & Jack, of Dallas, for appellees.

HIGGINS, Justice.

This is a suit filed June 14, 1934, by Mrs. Atwood Means and husband, R. M. Means, against Limpia Royalties and its trustees, Sam F. Means, W. E. and N. E. Templeman, to rescind and cancel a deed executed October 12, 1930, by which plain-

tiffs conveyed to the Limpia Royalties an undivided one-eighth interest in the minerals under 4,783 acres of land in Andrews county, which land was then leased for oil and gas. The conveyance was subject to the leases then in existence.

The case was tried without a jury and judgment rendered for defendants.

Limpia Royalties is a trust estate commonly known as a common-law or Massachusetts trust. Its creators undertook to organize same under the laws of Oklahoma. The statutes of that state authorize the creation of such trusts, exempting the stockholders thereof from personal liability for the debts of the trust. The Limpia Royalties trust estate was divided into ten million beneficial interests of the nominal value of $1 each, evidenced by negotiable certificates. The business of the trust was the purchase of mineral estates and royalty interests in lands.

The deed sought to be canceled was executed in consideration of a stock certificate issued to R. M. Means representing 6,783 shares of stock.

As grounds for rescission plaintiffs alleged they were induced to execute the deed by numerous false and fraudulent representations, stating same, made to them by the trustee; that "the minds of the parties never met upon the subject-matter"; that the object and purposes of the trust had been abandoned and the contract thereby breached by the defendants in such a material respect as to warrant rescission.

The trial court's findings and conclusions are lengthy. Suffice it to say all issues of fact tendered by the plaintiffs' pleadings were found against them with the exception of one of the representations alleged by plaintiffs later noticed.

The case is purely one of fact involving no novel questions of law or fact.

The evidence is voluminous and there is no occasion to state the same. It abundantly supports the trial court's findings of fact, for which reasons all assignments are overruled which attack the same.

We will briefly refer to the propositions submitted in appellants' brief.

Under the law of this state organizations such as Limpia Royalties are regarded as in the nature of partnerships and the members are held personally liable for the debts thereof as in an ordinary partnership. Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554.

We need not determine whether the stockholders of Limpia Royalties are to be considered as exempt from the operation of the Texas rule because the trust was created under the law of Oklahoma which recognizes the validity and binding effect upon creditors of a stipulation in the trust agreement exempting stockholders from personal liability for the debts of the trust estate.

In this case, it may be assumed, as appellants contend, that so far as concerns operations and business of the trust done in Texas, the Texas rule applies.

The court found the trustee Sam F. Means informed plaintiffs that the shareholders would not be individually liable for the debts of the trust. This is the only untrue representation charged by plaintiffs the court found was made.

The findings in this connection read:

"(12) I find that Sam F. Means, trustee, of the Limpia Royalties, in May, 1930, informed plaintiffs that the declaration of trust provided that the trustees or shareholders would not be liable individually for the indebtedness of the trust, and required that the trustees place in all contracts the stipulation exempting shareholders from such liability or indebtedness of the trust; and that he informed him that the trustees or shareholders would not be individually liable for the indebtedness of the trust. I find that such statement by Sam F. Means, a trustee, as to the liability of shareholders in the trust was expressed in good faith and in accordance with the advice given the trustees by competent attorneys in Oklahoma. I find that thereafter and before the execution of the mineral deed on October 14, 1930, the plaintiff, R. M. Means, consulted with two attorneys in Texas in regard to the plaintiffs becoming a shareholder in the Limpia Royalties, and the legal phases of the matter."

"(29) I find that there was a meeting of the minds of the plaintiffs and the Limpia Royalties and its trustees as to the contract entered into between the parties. I find that the said plaintiffs were advised that Limpia Royalties was a trust estate organized under the laws of the state of Oklahoma, that the trust agreement was exhibited to the plaintiffs, and that the plaintiffs consulted two attorneys in regard to the Limpia Royalties and its na-

ture of organization; that there was no concealment by the trustees of any facts connected with the organization and that there was no fraud committed or false statements or misrepresentations made by the trustees to the plaintiffs.

"(30) I find that the plaintiffs were fully advised as to the nature of the organization of the Limpia Royalties, that they had full opportunity to make their own investigation as to same; that the plaintiffs did seek the opinion of two attorneys in Texas as to the Limpia Royalties and their rights and liabilities in connection therewith before they executed the mineral deed and that there was necessarily within the contemplation of said plaintiffs that in becoming a stockholder they became entitled to the privileges and rights and subject to whatever liability law imposes on them by reason of their relationship."

The finding that Means made such representation affords no ground for reversal.

■ The trustee Means is not a lawyer and the statement made by him was merely an opinion upon a question of law made in good faith upon the advice of competent attorneys. There is no finding that Means made the representation as one of fact as distinguished from a mere opinion. Mere statement of opinion upon such a matter, under the circumstances shown, is not to be regarded as an actionable false and fraudulent representation of fact. 20 Tex.Jur., title Fraud & Deceit, §§ 11 to 14, inclusive.

■ There is no finding such representation was relied upon by plaintiffs. The inference is the plaintiffs did not so rely because they consulted two attorneys in Texas relative to their rights and liabilities in connection with Limpia Royalties before they executed the deed and became shareholders.

In support of the judgment it will be presumed the court found plaintiffs did not rely upon the statement in question. Gardner v. Watson, 76 Tex. 25, 13 S.W. 39; Silliman v. Oliver (Tex.Civ.App.) 247 S. W. 902.

The theory advanced that the minds of the parties did not meet is untenable. This theory is predicated upon the assumption that plaintiffs were induced to execute the deed by the false and fraudulent representations alleged. The court found the minds of the parties did meet, and this is obviously correct in view of the findings against plaintiffs upon the various issues of fraud charged.

As to the charge that the objects and purposes of the trust had been abandoned, the court's findings rebut such charge and the evidence supports the same.

■ But if there had been such abandonment the plaintiffs' remedy would have been by suit for dissolution of the trust and distribution of the assets of the estate. 47 C.J. p. 1116. In such an action the rights of all shareholders could be protected and the assets equitably distributed among the shareholders.

For the reasons stated the judgment should be affirmed, and it is unnecessary to discuss the findings and conclusions by the court in the defendants' favor upon the issues of ratification, waiver, estoppel, and laches.

Affirmed.