**TEXAS EMPLOYERS INS. ASS'N v. STEPHENSON et al.**

No. 5316.

Court of Civil Appeals of Texas. Waco.

March 23, 1944.

884

Davis, Jester, Tyson & Dawson, of Corsicana, and W. C. Haley and Witt, Terrell, Lincoln, Jones & Riley, all of Waco, for relator.

Allen, Helm & Jacobs, of Houston, and Richard & A. P. Mays, of Corsicana, for respondents.

RICE, Chief Justice.

Texas Employers Insurance Association, a corporation, by motion, seeks leave of this court to file a petition for a writ of mandamus requiring and commanding Honorable J. D. Stephenson, as District Judge of the 66th Judicial District of Hill County, to enter judgment for the plaintiff that he recover as for a specific and not a general injury in Cause No. 23032 pending in the District Court of Navarro County, 13th Judicial District, wherein John Edward Miles is plaintiff and relator is defendant. Judge Stephenson presided because the District Judge of the 13th Judicial District was disqualified.

It is made to appear that Judge Stephenson refused to enter judgment on the verdict of the jury and declared a mistrial because of conflicting and inconsistent answers of the jury to certain special issues, and because of the failure of the jury to answer other material issues submitted. It is the claim of relator that the answers are in nowise conflicting; that the jury answered all ultimate fact issues tendered by the pleadings and the evidence, and that it is entitled to have judgment entered on the verdict of the jury for the plaintiff and against it for recovery of compensation under the Workmen's Compensation Law for a specific injury to his right foot.

This cause was instituted by plaintiff, an employee of the American Well & Prospecting Company of Corsicana, Texas, against relator under the Workmen's Compensation Statute, Article 8306 et seq., Vernon's Ann.Civ.St., to recover for injuries received by him in the course of his employment. It was alleged that such injuries consisted of the breaking and crushing of his right foot, and the damaging of all the nerves, muscles, joints and structures of his lower back, spine and hips; that his entire nervous system was seriously and permanently impaired and damaged. He further alleged that as a result of his injury he was totally and permanently incapacitated to perform labor and prayed for compensation for 401 weeks.

Relator pleaded that the only injury suffered by plaintiff was to his big toe on his right foot, and some possible minor injuries to the remainder of such foot; that he did not suffer injury to any other part of his body; that his incapacity was not total and permanent but was partial and temporary; and that such incapacity was due solely to an injury to his big toe on his right foot, and was confined solely to said right foot.

In response to special issues submitted, the jury found: (1) that plaintiff did not sustain an injury to his lower back; (2) that he did sustain an injury to his right foot; (3) that he did sustain an injury to his nervous system; (4) that such injuries did not extend to and affect other portions of the body of plaintiff than his right foot; (5) that such injuries were sustained by plaintiff in the course of his employment; (6) resulting in total incapacity; (7) that such total incapacity began January 8, 1943; (8) that such total incapacity was not permanent; (9) but was temporary; (10) and would continue for 300 weeks; (11) that plaintiff had not and would not sustain partial incapacity as a result of such injuries; (12) that plaintiff's average weekly wage was $27.44; (13) that plaintiff would not suffer a manifest injustice and hardship if his compensation was paid to him in weekly installments rather than in one lump sum; (14) that the *incapacity* (italics ours) suffered by plaintiff was confined solely to his right foot and leg below the knee; (15) that the percentage of the loss of use of such member was 75 per cent; (16) that such loss of use would extend over the period of 150 weeks.

Relator filed its motion praying that judgment be entered on the verdict of the jury for the specific injury found by the jury, that is, 75 per cent loss of the use of the right foot for 125 weeks. The court entered an order overruling the motion and declared a mistrial for the reason, therein expressed, that the answers of the jury to the special issues submitted were conflicting and inconsistent, and because the jury failed to answer other material issues submitted.

If the jury answered all of the ultimate and controlling issues of fact submitted to them, and if these answers were not conflicting or inconsistent; and further, if the legal effect of such answers was that plaintiff did not suffer a general injury, but did suffer an injury to his right foot, and that such injury and the effects thereof were confined solely to such right foot, and that neither said injury nor the effects thereof extended to or affected any other portion of plaintiff's body, then only a specific injury to plaintiff's right foot would have been established, and the trial court should have entered a judgment for plaintiff for recovery of compensation for such specific injury.

In disposing of the motion before us, we find it unnecessary to discuss or decide the question as to whether the findings of the jury establish or did not establish that plaintiff suffered a general injury; nor the question as to whether or not any of the answers of the jury were in irreconcilable conflict.

█ In reference to relator's contention that plaintiff suffered only a specific injury, the real, controlling and ultimate fact issue for the jury's determination, before plaintiff could be limited to recovery for a specific injury, was whether or not the *injury* which plaintiff did receive *affected* other portions of his body or was confined solely to his leg below the knee. Consolidated Underwriters v. Langley, Tex.Sup., 170 S.W.2d 463.

This ultimate and controlling fact was not, in our opinion, found by the jury.

In reference to the matter under discussion, the jury found that plaintiff suffered an injury to his right foot and to his nervous system; that such injuries did not extend to *and* affect other portions of his body than his right foot; and that the *incapacity* suffered by plaintiff was confined solely to his right foot and leg below the knee. The jury did not answer special issue No. 18, submitted and reading as follows: "Do you find from a preponderance of the evidence that John Edward Miles' total incapacity, if any you have found, is due solely to injuries and loss of use of his right leg below the hip?"

In our opinion, the jury's answer to special issue No. 4, to the effect that plaintiff's injuries did not extend to *and* affect other portions of his body than his right foot, was not equivalent to a finding that such injuries did not extend to *or* affect other portions of plaintiff's body than his right foot. The issue as framed required the jury to find from the evidence that both the injuries and the effect thereof extended to other portions of plaintiff's body than his right foot before such issue could be

answered in the affirmative. If the issue had been submitted to the jury as to whether the injuries affected other portions of plaintiff's body than his right foot, it might, conceivably, have answered said issue in the affirmative although it believed from the evidence that the injury found by it did not extend to any other portion of plaintiff's body than his right foot.

Relator lays stress on the jury's finding, in answer to special issue No. 17, to the effect that plaintiff's *incapacity* was confined solely to his right foot and leg below the knee. The ultimate issue was as to whether or not plaintiff's injuries or the effects thereof were confined below the knee, not whether his incapacity was so confined. We do not think that "incapacity" and "injury" or the "effects of an injury" are synonymous. In his charge the court defined "injury" as meaning damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom. The word "incapacity" was defined therein to mean in effect the disability to perform the usual tasks of a workman in such a manner as to be able to procure and retain employment.

In our opinion, this court has jurisdiction to entertain the motion before us and to grant, in a proper case, a writ of mandamus. Article 1824, Vernon's Revised Annotated Civil Statutes; Dallas Railway & Terminal Co. v. Watkins, 126 Tex. 116, 88 S.W.2d 1081; Id., Tex.Civ. App., 89 S.W.2d 420; Brazos River Conservation & Reclamation Dist. v. Belcher, 139 Tex. 368, 163 S.W.2d 183. However, mandamus lies to an inferior court only when the duty to be performed requires no exercise of judicial discretion. Ewing v. Cohen, 63 Tex. 482. It will not issue to control or direct the discretion of an inferior court or judge nor to compel the performance of an act which is judicial in character, or one which involves the exercise of judicial discretion. 28 T. J., p. 574; Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905; Seagraves v. Green, 116 Tex. 220, 288 S.W. 417. The act to be done must be purely ministerial. 28 T. J. p. 576.

For the reasons above set forth, and from the record before us, we cannot say that the mandamus sought is for the purpose of requiring the District Judge to perform a purely ministerial act, and for this reason the motion of relator is denied.