C. L. GLENN ET AL. v. HON. J. H. MILAM ET AL.

No. 4079.   Decided June 28, 1924.

(263 S. W., 900).

1.—Mandamus—Appealable Case.

A suit within the original jurisdiction of the District Court is appealable though tried before the judge in vacation by consent of parties (Rev. Stats., arts. 1714, 2078). The Supreme Court is without jurisdiction to require the judge by mandamus to vacate such judgment, as unwarranted, on application of a party who has not pursued his right to such appeal. (Pp. 162, 163).

2.—Trial in Vacation—Consent of Parties.

The trial of a cause before the District Court in vacation will be presumed to have been had by consent of parties where, though the record shows no written or formal consent by them, it sufficiently appears that they entered into and tried the case in vacation without objection. (P. 163).

3.—Public Office—Holding Two Offices.

The ruling of the trial court herein that the office of constable and that of county commissioner were not inconsistent and that both could be held by one person at the same time not being properly before the court for review, no determination is made as to its correctness. (Pp. 163, 164).

Original application by Glenn to the Supreme Court for writ of mandamus against Milam as District Judge, and others.

*E. Russell Surles,* County Attorney, for relators.

It is definitely settled by this court that Article 2078 does not authorize an appeal from a *judge's* order in vacation, but only from the judgment of the *court* in term time. Pittman v. Byars, 100 Texas, 518, 101 S. W. 789.

*G. E. Hamilton,* for respondents.

Appeal lay from the judgment, though rendered in vacation. Montague County v. White, 250 S. W., 736; Finney v. Walker, 144 S. W., 679.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is an original action for mandamus, brought by C. L. Glenn, A. L. Clements, and Lee Havis, against the Honorable J. H. Milam, District Judge, and L. Hope. The following statement of the case is taken from the brief of the relators:

"On December 10, 1923, L. Hope filed in the District Court of Motley County, Texas, his petition against C. L. Glenn, County Judge of Motley County, Texas, A. L. Clements, C. D. Bird and J. B. Foster, county commissioners of Precincts Nos. 2, 1 and 3, respectively, and Lee Havis, praying for a writ of mandamus to compel said county judge and commissioners to recognize said L. Hope as County Commissioner from Precinct No. 4 of Motley County, Texas, and permit him to perform his duties as such without molestation from the respondents therein. The petition in substance alleged that said L. Hope was duly and legally elected to the office of County Commissioner of Precinct No. 4, Motley County, Texas, on November 7, 1922, at the general election, and that he qualified for such office, by filing his bond and having same approved and taking the oath of office, and entered upon the discharge of his duties as such; that thereafter said Glenn as County Judge and the other commissioners arbitrarily and illegally refused to recognize him as said commissioner, but declared his office vacant, and appointed said Lee Havis as Commissioner in his place and stead. Hon. J. H. Milam, Judge of the 50th Judicial District, in which Motley County, Texas, lies, set said cause down for hearing on December 13, 1923, in vacation. Respondents C. L. Glenn, A. L. Clements and Lee Havis filed their answer to said petition, in which they alleged in substance that it was true that said L. Hope was elected to the office he claimed, but that no November 12, 1923, said Hope was appoined by the Commissioners Court of Motley County as Constable for Precinct No. 4, Motley County, and that he accepted said office, and qualified therefor by giving his bond and having same approved by said court and taking the oath of office on the same day he was appointed, and entered upon the discharge of the duties of the office of Constable; and that by said acceptance of said latter office, said Hope vacated and ipso facto resigned his said office as County Commissioner of Precinct No. 4, and that said Glenn, acting under the law, appointed said Lee Havis to fill said vacancy in place of said Hope.

"The cause was submitted to the judge in vacation on the 13th day of December, 1923, on the pleadings of the parties, it being agreed that the facts alleged in both of same were true, and after such hearing said District Judge issued an order of mandamus against said respondents therein compelling them to recognize said Hope as County Commissioner of Precinct No. 4, and to permit him to perform the

duties of said office without further opposition. from them, and in said order found the facts to exist as above set forth.''

The prayer is for the issuance of a writ of mandamus compelling the Hon. J. H. Milam, District Judge, to vacate and set aside the order and judgment entered by him on the 13th of December, 1923, above described, and that L. Hope be cited to appear and contest the application for mandamus, if he so desires.

We have concluded that this Court has no jurisdiction to issue the writ of mandamus, for the reason, among others, that the judgment entered by the District Judge was one which could have been appealed from to the Court of Civil Appeals.

An examination of the petition in that case, which is shown in the pleadings in this case, shows that it was in substance a suit by L. Hope against Lee Havis for the office of County Commissioner of Motley County, and, as incidental thereto, for a mandamus to compel the County Judge and other Commissioners to recognize Hope as County Commissioner. It is true that the petition does not state this in so many words, but this is the effect of the pleading in the suit before Judge Milam.

The relators in this case, in the suit before Judge Milam, after notice, appeared and answered. They filed a general demurrer and made special answer, but made no contest of the right of the court to hear the case in vacation. An agreement as to the facts was made, and the case proceeded to trial in vacation, and judgment was entered. The judgment entered showed that the District Judge contemplated that an appeal would lie from the judgment, for he states that in the event an appeal is prosecuted to the Court of Civil Appeals or the Supreme Court, pending the appeal Hope should remain in and perform the duties of his office, etc.

Those Articles of the Statutes touching the subject read as follows:

''Art. 1714. The judges of the district courts may in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts, as fully as in term time, and may, by consent of the parties, try any case without a jury and enter final judgment, except in divorce cases. All such proceedings shall be conducted under the same rules as if done in term time; and the right of appeals and writ of error shall apply as if the acts had been done in term time.''

''Art. 2078. An appeal or writ of error may be taken to the court of civil appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs.''

It is to be noted that causes may be tried in vacation before judges of the District Court by consent of the parties, and that from such judgments as may be entered upon such trials appeals lie.

In the instant case it is true that the record does not expressly state that the trial before Judge Milam in vacation was by consent of the parties, but no other conclusion can be reached from an examination of the record than that the trial was by consent. No objection was filed to trying the case in vacation, and, as a matter of fact, the parties did try it.

It is evident from the concluding portion of the judgment, in which the District Judge made provision as to what should take place in the event of an appeal, that he thought he was trying the case under Article 1714, above quoted. We believe under the record that we are authorized in concluding that the case was tried in vacation with the consent of the parties.

In the case of Berry vs. American & Rio Grande Irrigation Co., 233 S. W., 781, there was no written agreement in the record that the case should be tried by the judge in vacation, but the Court of Civil Appeals of San Antonio, in an opinion by Chief Justice Fly, held that such written agreement was not necessary, that any action of the parties clearly evincing a willingness to try a case would be sufficient under the statute. In that opinion Chief Justice Fly in part said:

"Under the provisions of article 1714, Rev. St., however, any cause except a divorce case may be tried without a jury, before the judge, upon the consent of parties, and he is given authority to enter final judgment and make all necessary orders. No written agreement to try the case is indicated by the record, nor is it required by the statute; but any action of the parties clearly evincing a willingness to try the case would be sufficient under the statute. Nothing could more strongly show consent for the trial to take place than for both parties to voluntarily engage in the trial and offer no objection to the case being tried. This is the case made by the record. Finney v. Walker, 144 S. W., 679."

Since the case was tried in vacation, and with the consent of the parties, it is obvious that under the statute an appeal would lie to the Court of Civil Appeals. Montague County v. White, 250 S. W., 736.

The cases relied on as denying the right of appeal were decided prior to the enactment of Art. 1714, and therefore have no application.

In thus disposing of the case we do not desire to be understood as approving the judgment of the District Court holding that the offices of constable and county commissioner were not incompatible, and therefore could be held by one and the same person. That question is not before us, and is expressly reserved for determination

when it comes regularly before the Court. What we intend to hold is that the case before Judge Milam was a case in which the relators had the right to appeal, and that, therefore, this Court has no jurisdiction to vacate or modify the judgment by mandamus.

The mandamus is accordingly refused.