BRAZOS RIVER CONSERVATION AND RECLAMATION DISTRICT V. HONORABLE ERNEST BELCHER, DISTRICT JUDGE, ET AL.

Motion No. 15470. Decided June 24, 1942.
(163 S. W., 2d Series, 183.)

*Samuels, Foster, Brown & McGee,* of Fort Worth, and *T. T. Bouldin,* of Mineral Wells, for Brazos River Conservation and Reclamation District, petitioner.

No brief for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

The Brazos River Conservation and Reclamation District, hereinafter referred to as the District, seeks leave to file a petition for mandamus against the Honorable Ernest Belcher, District Judge of the Twenty-ninth Judicial District Court, Palo Pinto County, and others, to require him to enter an order permitting the District to withdraw from the registry of the court a sum of money placed there by the District as security in a condemnation proceeding.

In a former action E. P. Costello and others sought to enjoin the district from closing certain vents in a dam, to prevent their land from being overflowed. The District brought a cross action, under Article 3269, Vernon's Annotated Civil Statutes, to condemn the land. The trial court held that the District had no right to condemn the land by way of cross action, and the injunction was granted. But in its judgment the court further provided that, in the event the judgment should be reversed on appeal, then the District should deposit in the registry of the court the sum of $500,000.00, to secure the individual landowners for any damage to their land. The action of the trial court was affirmed by the Court of Civil Appeals (142 S. W. (2d) 414), but this court, after granting a writ of error, held that the District had the right to condemn by cross action under Article 3269, supra, and reversed the case with the fol-

lowing instructions: "* * * the trial court is instructed that when said District has deposited in cash the sum allowed the landowners by said court, and has met all requirements of the law *and has complied with all orders that said court may deem proper to protect said money and the rights of the land-owners,* the said writ of injunction issued by the trial court shall be dissolved, and said District shall be allowed to close the vents in said dam and take possession of said property * * *." Brazos River Conservation & Reclamation District v. Costello et al, 135 Texas 307, 143 S. W. (2d) 577, 130 A. L. R. 1220.

Pursuant to that judgment the trial court entered an order reciting its former order requiring the District to deposit in the registry of the court the sum of $500,000.00, and specified that such money should secure the following plaintiffs in the following amounts:

"E. P. Costello _____$102,500.00
Albert Adkisson _____ _____ _____ 104,000.00
R. H. Goble and L. O. Moore_____ _____ 95,000.00
Argo Oil Corporation (Successor to Argo
Royalty Company) _____ 42,500.00
Jessie Harmon _____ 28,000.00
Brazos River Gas Company _____ 128,000.00"

The judgment, after reciting that the money had been deposited, then recites: "It is therefore ordered, adjudged, and decreed * * * that the said sum of $500,000.00 * * * shall remain in said bank subject to the orders of this court, and to be paid out to the parties entitled thereto after final judgment in respect to each cross action on the merits of this cause has been rendered by this court, or in the event of appeal then and in that event in keeping with the decision of the court of last resort."

Before the conclusion of the trial on the merits between the District and E. P. Costello, the District entered into a settlement with plaintiffs Goble and Moore, under which they agreed to accept the sum of $35,342.00 in full satisfaction of any claim they had against the District. The trial court thereupon permitted Goble and Moore to withdraw $35,342.00 from the registry of the court. There having been deposited $95,000.00 to secure the plaintiffs Goble and Moore, there still remained in

the registry of the court the sum of $59,658.00. The District then made a motion to be permitted to withdraw the $59,658.00. It did not seek to withdraw any fund allocated to any of the various other claimants. This motion was denied; and the District now prays that this Court either issue a writ of mandamus to compel the Honorable Ernest Belcher, District Judge of the 29th Judicial District, to enter an order permitting the District to withdraw the $59,658.00, or that this Court issue an order enforcing its former judgment, directing said District Judge to enter an order permitting the District to withdraw said sum.

While this Court may have jurisdiction of this cause to enforce its former judgment (a point which it is not necessary to decide), petitioner in this cause has an adequate remedy in the trial court, by bringing an action of mandamus against the District Clerk to compel him to refund the money to the District. Where the ordinary remedies are complete and adequate, the extraordinary original jurisdiction of the Supreme Court cannot be successfully invoked. A writ of mandamus must ordinarily be sought in the lower courts. Love v. Wilcox, 119 Texas 256, 28 S. W. (2d) 515, 70 A. L. R. 1484. This Court has announced the rule that, owing to the great volume of business coming before it, it will not entertain an original mandamust proceeding in a case where another court has jurisdiction; unless it is made to appear that relief has first been sought in that court. Dallas Ry. & Terminal Co. v. Watkins, 126 Texas 116, 86 S. W. (2d) 1081; Ford Rent Co., Inc., v. Hughes, 126 Texas 255, 88 S. W. (2d) 85; Miller v. Stine, 127 Texas 22, 91 S. W. (2d) 315. We therefore hold that this mandamus must be brought in the district court; and if satisfactory relief is not obtained there, the parties may appeal, as in any suit, to the Court of Civil Appeals; and, if necessary, may apply to the Supreme Court for a writ of error.

The motion for leave to file the petition for mandamus is overruled.

Opinion delivered June 24, 1942.