## MEREDITH v. SHARP et al.

### No. 6684.

Court of Civil Appeals of Texas. Texarkana.

March 19, 1953.

Rehearing Denied April 9, 1953.

Smead & Harbour, Longview, for appellant.

R. L. Whitehead, Longview, for appellees.

WILLIAMS, Justice.

In this action against Earl Sharp, County Judge of Gregg County, Texas, and the respective members of the Commissioners' Court of the county, appellant Perry Meredith, a resident citizen, taxpayer and voter in Precinct One of said county, sought a writ of mandamus ordering the Commissioners' Court and its members to create the office of Justice of the Peace, Place No. Two of Justice of the Peace Precinct One of Gregg County, Texas.

Appellant pleaded and proved by undisputed evidence that the city of Longview is entirely situated in Justice of the Peace Precinct One, Gregg County, Texas; that there is only one Justice of the Peace in

said Precinct No. One; and that the population of Longview at all times pertinent here was in excess of 8,000 inhabitants. Grounded upon above facts, no other evidence being offered or introduced in behalf of his petition, appellant contends here as in the Commissioners' Court and the District Court, that it was mandatory on the part of the Commissioners' Court to create or establish this requested additional office of justice of the peace by reason of the provisions of Sec. 18, Art. 5 of the Constitution of Texas, Vernon's Ann.St., which reads: "Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present County Courts shall make the first division. Subsequent divisions shall be made by the Commissioner's Court, provided for by this Constitution. In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two justices of the peace. Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. * * *"

■ We are in accord with the conclusions of law as filed by the trial court that the "Constitution confides in the Commissioners' Court the authority to create a justice of the peace court as here sought; that the convenience of the people is the basic purpose for designating such an additional justice court; and that the creation of such an additional justice of the peace court is a discretionary act of the Com-

missioners' Court and not a ministerial function of such court. This record is absent any showing or any attempt to show that the creation of such an additional justice court would be for the convenience of the people. The action of the trial court in denying this application for a writ of mandamus is sustained.

■■ We cannot escape the import of the use of the term "for the convenience of the people" in Sec. 18, supra; 16 C.J.S., Constitutional Law, § 23. The latitude so granted the Commissioners' Court to create not less than four and not more than eight such precincts, and the power to change the boundaries of such precincts from time to time emphasizes the intent to vest discretionary powers in the Commissioners' Court in determining whether or not the creation of such additional court would be for the convenience of the people, that is suitable, appropriate or advisable to meet the needs of the people. This discretionary power on the part of the Commissioners' Court is fully recognized in Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, by our Supreme Court, which involved an affirmative act of the Commissioners' Court in creating such an additional Justice Court, and in the holdings in Lewis v. Harris, Tex.Civ.App., 48 S.W.2d 730, and Ward v. Bond, Tex.Civ.App., 10 S.W.2d 590, 594, which dealt with the discretionary powers of a Commissioners' Court as related to the latter clause of Sec. 18, supra, in altering a Commissioners' Precinct.

"Mandamus will not lie to control or review the action of an official or board upon matters involving the exercise of discretion or judgment confided to such official or board." Lewis v. Harris, supra, 48 S.W.2d at page 732; 28 T.J. (Mandamus), Sec. 33.

For the reasons indicated, the judgment of the trial court is affirmed.