

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 25, 1962

Honorable John Lawhon
County Attorney
Denton County Courthouse
Denton, Texas

Opinion No. WW-1359

Re: Whether a Justice of the Peace,
Precinct 1, Place 1, vacated
his office when he announced
his candidacy for Justice of
the Peace, Precinct 1, Place
2; appointment to unexpired
term; being the Democratic nomi-
nee for both Place 1 and Place
2 at the same time on the Gener-
al Election ballot; and holding

Dear Mr. Lawhon:

both offices, if elected to both.

Your letter reads in part as follows:

"All of the City of Denton lies in
Justice of the Peace Precinct No. One. The
city contains more than 8,000 inhabitants,
and therefore, Justice of the Peace Precinct
No. One has two Justices of the Peace, desig-
nated Place One and Place Two in accordance
with provisions of Article 2375 of the Revis-
ed Civil Statutes of Texas.

"The office of Justice of the Peace is a
civil office of emolument and operates in this
county on a fee basis. Jim George was the duly
elected and acting Justice of the Peace, Pre-
cinct No. One, Place One, and elected for a
four-year term in November, 1960. W. A. Riggs
was the duly elected and acting Justice of the
Peace, Precinct No. One, Place Two, and was
elected for a four-year term in November, 1958.

"On or before the 5th day of February, 1962,
Jim George announced his candidacy and filed an
application with the County Democratic Chairman
for a place on the ballot as Justice of the Peace.
Precinct No. One, Place One and Place Two. On or
before the 5th day of February, 1962, W. A. Riggs
announced his candidacy and filed an application
with the County Democratic Chairman for a place
on the ballot as Justice of the Peace, Precinct
No. One, Place Two.

". . . the County Democratic Executive Committee placed on the primary ballot the following:

For Justice of the Peace, Precinct One, Place One--

JIM GEORGE

For Justice of the Peace, Precinct One, Place Two--

JIM GEORGE
W.A. RIGGS

"The County Democratic Executive Committee has certified to the County Clerk that Jim George won nomination and is the nominee for Justice of the Peace, Precinct No. One, Place One; and further that he received a majority of the votes cast in the election for Justice of the Peace, Precinct No. One, Place Two, and is also the Nominee for said office. It now appears that the name of Jim George will appear upon the November ballot as the nominee for Place One and Place Two."

After stating the above facts, you have asked the following questions:

"1. When Jim George became an announced candidate for Justice of the Peace, Precinct No. One, Place Two, did he then and there vacate his office of Place One?

"2. If your answer to Question No. 1 is that Jim George did vacate the office of Place One when he became a candidate for Place Two, can he now be appointed to the office of Place One to fill out the unexpired portion of the term of said office.

"3. Since the County Democratic Executive Committee has certified the name of Jim George as the nominee for both Place One and Place Two, can the name of Jim George appear upon the ballot for the General Election in November, 1962, as the nominee for said two separate offices?

"4. If your answer to Question No. 3 is that the name of Jim George can be placed upon the November General Election ballot as a candidate for both Place One and Place Two, can he, in the event that he is elected to both offices be sworn, commissioned, and hold both said offices at the same time?"

In response to a telephone inquiry from this office, you have furnished us with the following information: That Judge Jim George filed his application for a place on the ballot as a candidate for Justice of the Peace, Precinct No. 1, Place 1, on January 18, 1962, and that he filed for Place 2 on February 1, 1962.

Section 18, Article V, Texas Constitution, reads in part as follows:

"Each organized county in the State . . . shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. Divisions shall be made by the Commissioners Court provided for by this Constitution. In each precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two Justices of the Peace. . . ."

This office held in Attorney General's Opinion No. WW-1251 that even though a Justice Precinct may contain within its boundaries a town having a population in excess of 8,000 inhabitants, it need not have more than one Justice of the Peace, if the Commissioners Court decides that it is not needed "for the convenience of the people," and cited Meredith v. Sharp, 256 S.W.2d 870 (Civ.App. 1953, error ref. n.r.e.). All of the City of Denton lies within Justice of the Peace Precinct No. One, and the City of Denton had a population of 26,844, according to the 1960 Federal Census, as reported in the Texas Almanac for 1961-1962. Since it is the will of the Commissioners Court that there be two Justices of the Peace in Precinct No. One in Denton County, these two places are designated Place One and Place Two.

Where any precinct office is of such a nature that two or more persons hold such office, with the result that candidates file for "Place No. 1," "Place No. 2," etc., they will

be elected to overlapping four-year terms. The odd numbered places are elected at one election, and the even numbered places are elected at the election held two years thereafter. Section 65, Article XVI, Texas Constitution. This provision of the Texas Constitution also provides in part:

> ". . . if any of the officers named herein /this includes Justices of the Peace/ shall announce their candicacy in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled."

When Justice of the Peace Jim George filed his application for a place on the ballot as a candidate for the office of Justice of the Peace, Precinct No. 1, Place 2, then under the plain language of Section 65, Article XVI, Texas Constitution, such announcement constituted "an automatic resignation of the office then held," to-wit, the office of Justice of the Peace, Precinct 1, Place 1. His announcement came at a time "when the unexpired term of the office then held" exceeded one (1) year. See Attorney General's Opinion No. WW-1253. The vacancy thus created in the office of Justice of the Peace, Precinct No. 1, Place 1, has not been filled. When the Commissioners Court selects a successor to the Honorable Jim George and such successor has qualified and has taken the oath of office, such successor will be the Justice of the Peace, Precinct No. 1, Place 1, until the next General Election. Section 28, Article V, Texas Constitution. In answer to your first question, we hold that the Honorable Jim George automatically resigned from his office of Justice of the Peace, Precinct No. 1, Place 1, when he announced his candidacy for the office of Justice of the Peace, Precinct No. 1, Place 2.

In answer to your second question, we hold that the Honorable Jim George is not eligible for appointment to fill the vacancy in office which he created when he resigned as Justice of the Peace, Precinct No. 1, Place 1. See Attorney General's Opinion No. WW-788.

At the time Judge George filed for Place 1, on January 18, 1962, there was no vacancy in Place 1 to run for in 1962.

Judge George occupied that post himself. His term of office did not expire until December 31, 1964. Judge George had not yet resigned from Place 1, when he announced on January 18, 1962. The application for a place on the primary ballot to run for the unexpired term of Place 1 should have been refused. Elections held in 1962 are for the purpose of filling offices which commence on January 1, 1963, except in the case of races to fill out unexpired terms; and no unexpired term existed on January 18, 1962, when Judge George filed for the office. The vacancy occurred on February 1, 1962, about 14 days later. At the time Judge George filed his application to be a candidate for Place 1, no vacancy existed; therefore, his announcement was void. After he created the vacancy in Place 1 on February 1, 1962, by announcing for Place 2, he did not thereafter announce his candidacy for his own unexpired term. Since there was no authority in law to place the name of Judge George on the primary ballot, in view of the fact that he never announced after the vacancy was created, the purported nomination of Judge George in the primary was void, and there is no Democratic nominee for Justice of the Peace, Precinct No. 1, Place 1.

Art. 6.01, Texas Election Code, reads in part as follows:

". . . The name of no candidate shall appear more than once upon the official ballot, except (a) as a candidate for two (2) or more offices permitted by the Constitution to be held by the same person; or (b) when a candidate has been duly nominated for the office of President or Vice-President of the United States and also for an office requiring a state-wide vote for election. . . ."

Under Article 6.01, Election Code, the Honorable Jim George would not be permitted to have his name printed twice on the same ballot for two different offices, unless he came within exception "(a)" in said statute. Section 40 of Article XV, Texas Constitution, provides in part:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except of that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of

the United States Army, Navy, and Marine
Corps, and retired warrant officers, and
retired enlisted men of the United States
Army, Navy, and Marine Corps, unless other-
wise specially provided herein. . . ."

There have been a number of cases and Attorney General's
Opinions which hold that one person may hold one of the enumerated
offices in Section 40, Article XVI, Texas Constitution, and some
other office of a different character, so long as the two offices
are not incompatible. But we have no case which holds that one
person may hold the two offices of Justice of the Peace within
the same precinct at the same time. Section 18, Article V, Texas
Constitution, states that in Justice precincts in which there may
be a city of 8,000 inhabitants, "there shall be elected two Jus-
tices of the Peace." If Judge George could hold both offices at
the same time, it would not comply with the requirement of "two"
Justices of the Peace. The number of Justices of the Peace in
Precinct 1 may be reduced to a single Justice of the Peace, but
this can only be done by the Commissioners Court. Meridith v.
Sharp, supra. Since the Commissioners Court of Denton County
has not yet seen fit so to do, we must construe Sec. 40, Art. XVI,
and Sec. 18, Art. V, Texas Constitution, together, and hold that
while a Justice of the Peace may hold some other office not in-
compatible with the office of Justice of the Peace, he may not
hold the offices of Justice of the Peace, Precinct 1, Place 1
and Justice of the Peace, Precinct 1, Place 2 at the same time.

This office has held in Attorney General's Opinion No.
V-1529 that the county clerk acts in ministerial capacity in re-
ceiving certificates of nomination and in placing names of
nominees on the general election ballot. That opinion also
held that where a certificate is regular on its face, the county
clerk does not have the duty or authority to determine questions
of irregularity or illegality in the nomination which would depend
upon an ascertainment and determination of extraneous facts.
Nevertheless, in this situation the clerk is under a plain command
of Art. 6.01, Election Code, that no candidate's name may appear
twice on the same ballot, with certain exceptions which we now
hold are not applicable. The clerk does not have to rely on
extraneous facts to determine with his own eyes that the certi-
fication which he received from the County Chairman of the Demo-
cratic Party bears the name of the Honorable Jim George as a
candidate for two different offices.

We answer your third question by holding that the name
of the Honorable Jim George may not appear on the General
Election ballot as a nominee for Justice of the Peace, Precinct
1, Place 1 and for Justice of the Peace, Precinct 1, Place 2, at

the same time. We answer your fourth question by holding that Judge George may not qualify and hold both places at the same time. If, perchance, he should be elected in the General Election to Place 2 as the Democratic nominee, and in the same election should be elected to Place 1 by means of write-in votes, Judge George would then be elected to both places, but he could only qualify and hold one of the offices.

### S U M M A R Y

A Justice of the Peace for Precinct No. 1, Place 1 automatically resigned from such office when he announced his candidacy for Justice of the Peace, Precinct 1, Place 2, there being more than one year left in his term of office in Place 1 at the time he announced his candidacy for Place 2. Sec. 65, Art. XVI, Texas Constitution.

A Justice of the Peace who automatically resigned his office by announcing his candidacy for another office, while there was more than one year left in the term of office which he vacated, may not be appointed to serve until the next general election in the office he vacated. Attorney General's Opinion No. WW-788.

A candidate's name may not appear on the General Election ballot as a candidate for the office of Justice of the Peace, Precinct 1, Place 1 and as a candidate for the office of Justice of the Peace, Precinct 1, Place 2. Art. 6.01, Election Code. Section 18, Art. V, Texas Constitution.

One person may not hold both the office of Justice of the Peace, Precinct 1, Place 1 and the office of Justice of the Peace, Precinct 1, Place 2 at the same time. Section 18, Art. V, Texas Constitution.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Riley Eugene Fletcher
Assistant

REF:rk:ms

Hon. John Lawhon, page 8 (WW-1359)

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Iola Wilcox
F. R. Booth
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
By:   Leonard Passmore