**Donald W. STEVENS, Relator,**

v.

**Glenn LINK et al., Respondents.**

No. 7934.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 22, 1968.

Paul W. Anderson, Reagan R. Huffman, Marshall, for relator.

Charles A. Allen, C. L. Ray, Jr., Ray & Kirkpatrick, Marshall, for respondents.

FANNING, Justice.

A mandamus proceeding. On Thursday, October 10, 1968, relator, Donald W. Stevens, a resident of Harrison County, Texas, and the Republican nominee for the office of Justice of the Peace, Precinct No. 5, Place 1, Harrison County, Texas, filed a motion for leave to file a petition for writ of mandamus, complaining of Glenn Link, County Clerk of Harrison County, Texas, Jim Ammerman, County Judge of Harrison County, Texas, Doyle

Curry, Chairman of the Democratic Executive Committee of Harrison County, Texas, and Ben Z. Grant, the Democratic nominee (or purported nominee) for the office of Justice of the Peace, Precinct 5, Place 1, Harrison County, Texas. The office in question is to be voted on in the General Election to be held on November 5, 1968. The petition for mandamus attached to the motion for leave to file questioned the right of Ben Z. Grant to appear on the ballot as the Democratic nominee for the office in question for the reasons stated therein, and sought an original writ of mandamus from this court to require that the name of Ben Z. Grant be not placed on the ballot for the General Election to be held November 5, 1968, as the Democratic nominee for the office in question, and also sought the prevention of the counting, canvassing or certifying any vote in the name of Ben Z. Grant in said General Election, and also sought such other relief as relator might be entitled to in law or equity.

On Friday, October 11, 1968, this court granted relator's motion for leave to file the petition for mandamus, and set the cause for submission and oral argument for 10:00 o'clock A.M., on Tuesday, October 15, 1968. Notice of this setting was given to the parties by mail and by telephone.

By letter dated Saturday, October 12, 1968, the secretary in the law office of relator's attorney advised this court of the death of the wife of said attorney, and requested that another setting of the case be made. This court therefore postponed the submission of the case and notified the parties.

On Tuesday, October 15, 1968, by telegram, sent at 11:57 A.M., relator's attorney requested that the above cause be reset for Wednesday, October 16, 1968, at 10:00 o'clock A.M., and that all parties be notified thereof. In response to said telegram, this court on October 15, 1968, reset the cause for submission for Thursday,

October 17, 1968, at 2:00 P.M. in this court, and the parties were notified by mail and by telephone of the new setting.

The case came on for hearing on Thursday, October 17, 1968, and the case was argued orally for both sides.

Various sworn pleadings and affidavits were filed prior to and at submission time and permission was granted for further pleadings and affidavits after submission, all of which pleadings and affidavits are now before this court.

After carefully considering the sworn pleadings and affidavits, and the excellent briefs of the parties, this court has reached the conclusion that material issues of fact are raised which preclude this court from granting the writ of mandamus. Since the ballots have already been printed and absentee voting started October 16, 1968, and since the time of election is near at hand, it is necessary that we decide this case with dispatch and we will write only a brief opinion.

Very briefly stated, the main controversy surrounds the nomination for William Lane as the Democratic nominee for Justice of the Peace, of the place above described, and his subsequent declination of the Democratic nomination for the office, and the validity of the appointment and certification of Ben Z. Grant as the substitute Democratic nominee for such office.

Relator, Donald Stevens, is the Republican nominee for the office and his name appears on the ballot. He contends that Ben Z. Grant's name should not appear on the ballot as the Democratic nominee, and any votes cast for Mr. Grant should not be counted or canvassed.

From the various affidavits and sworn pleadings before us, it appears that William (Bill) Lane was the duly elected Democratic nominee in the first Democratic Primary Election in May, 1968. He was also the incumbent Justice of the Peace for said office. He resigned his office on April 12, 1968, and secured other employment in

Dallas, Texas. However, the record, as we review it, is not clear as to the exact time as to when Mr. Lane declined the nomination for Justice of the Peace. The Democratic Executive Committee of Harrison County, Texas, on October 1st, 1968, by resolution stated that William Lane, the Democratic Party nominee for the office in question had declined the nomination (but did not state in the resolution *when* he declined the nomination), and it nominated Ben Z. Grant for the vacancy and directed that a copy of said resolution be filed in accordance with law so that the name of the substitute nominee Grant be placed on the ballot for the November General Election. Also on October 15, 1968, at a special called meeting of the Harrison County Democratic Executive Committee, another written resolution was adopted, reciting the declination of William Lane, and the certification of the nomination of Ben Z. Grant as the Democratic substitute nominee for the office in question.

By affidavit in writing, dated October 13, 1968, William Lane, formally and in writing, declined the nomination for the office in question. We quote from said affidavit in part as follows:

"My name is William Lane, Jr., and I am now a resident of Dallas County, Texas. I formerly resided in Harrison County, Texas.

"By this indenture I hereby decline the Nomination as Democratic Candidate for the office of Justice of the Peace, Precinct No. 5 Place No. 1, Harrison County, Texas, and respectfully submit this writing to Mr. Glenn Link, County Clerk, Harrison County, Texas, and to Mr. Doyle Curry, Chairman of the Executive Committee, Democratic Party, Harrison County, Texas."

This written declination is the only written declination in the record before us. If Mr. Lane declined the nomination verbally prior to October 1st, 1968, the date of such verbal declination, if any, is not shown.

■ It is well settled that an appellate court of this State does not have authority to issue a writ of mandamus unless the material facts are established beyond dispute. As an appellate court we have no juries or other means available to us to try disputed fact issues. In this connection, see the following authorities: Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709 (Tex. Com.App. opinion adopted by Supreme Court), rehearing denied, 121 Tex. 467, 51 S.W.2d 1113; Austin v. City of Alice, 193 S.W.2d 290 (Tex.Civ.App., writ ref., n. r. e.); Dick et al v. Kazen, 156 Tex. 122, 292 S.W.2d 913, 915; Donald v. Carr, Tex. Civ.App., 407 S.W.2d 288, no writ (1966).

■ From the record in this case we are unable to determine the exact date that William Lane first declined the nomination for the office in question. The only written declination in the record is dated October 13, 1968, but the record is silent as to the date he declined earlier. Suffice it to say, there is at least an issue of fact as to when William Lane declined the nomination in question. This material fact issue alone would preclude the granting of the writ of mandamus.

There are also fact issues raised with reference to whether Grant resided in the Justice Precinct in question for the requisite time.

Respondents also raised a mixed question of law and fact as to whether the office in question was abolished by action of the Commissioners' Court of Harrison County, Texas, in June, 1968, which question, however, we deem it unnecessary to be concerned with here.

The ballots have already been printed. Absentee voting has begun and the election process is proceeding toward the General Election on November 5, 1968, only a short time from the date of this opinion.

Finding that there are disputed material fact issues which preclude the granting of the writ of mandamus sought, we respectfully deny relator's petition for mandamus.

The petition for writ of mandamus is denied. By reason of the shortness of the time before the General Election, we will not allow the filing of a motion for rehearing.

Mandamus denied.