Ben Z. GRANT, Appellant,

v.

Jim AMMERMAN et al., Appellees.

No. 7965.

Court of Civil Appeals of Texas, Texarkana.

Jan. 13, 1970.

Rehearing Denied Feb. 3, 1970.

Rehearing Overruled Feb. 24, 1970.

C. L. Ray, Jr., Ray, Kirkpatrick & Grant, Marshall, for appellant.

William M. Huffman, Smith, Hall & Huffman, Marshall, for appellees.

DAVIS, Justice.

This is an appeal from a Summary Judgment. Petitioner, Ben Z. Grant, filed a suit in the District Court of Harrison County, for a Writ of Certiorari against Jim Ammerman, County Judge of Harrison County, Z. T. Craver, Will Power, Fred Metcalf and Sidney Keasler, County Commissioners, seeking (1) to have petitioner, Grant, declared to be the duly elected Justice of the Peace of Place 1, Justice Precinct 5 of Harrison County, for four years, beginning January 1, 1969, and (2) to have an order that was entered by the Commissioners Court on June 18, 1968, abolishing the office of Justice of the Peace, Place 1, Justice Precinct 5, declared to be unconstitutional. The District Court denied the Writ and petitioner has perfected his appeal. He brings forward one point of error.

By the point, he says the trial court erred in not holding him to be the duly elected Justice of the Peace for four (4) years, beginning January 1, 1969, and refusing to hold the act of the Commissioners Court in abolishing the office of Justice of the Peace Place 1, Justice Precinct 5 of Harrison County, was and is unconstitutional.

On September 28, 1965, the Commissioners Court had a meeting and by an order duly entered described the Commissioners Precincts, Justice Precincts, and Voting Precincts in an order which reads, in part, as follows:

"It is ordered by the Commissioners Court of Harrison County, Texas, that the Commissioners Precinct lines, Justice Precinct lines and Voting Precinct lines be approved to wit".

Then followed a description of the various precincts. Commissioners Precinct No. 2 was described and the lines of Justice Precinct No. 5 were described as follows:

"Being all of Commissioners Precinct No. 2, as above described, *TOGETHER WITH ALL OF THE TERRITORY LOCATED WITHIN THE CITY LIMITS OF THE CITY OF MARSHALL, TEXAS.*" Emphasis added.

It seems from the record that since that time the city limits of Marshall have been expanded, and, apparently, all of the people who live within the City of Marshall are now legally within Justice Precinct 5.

According to Art. 5, Sec. 18, of the Texas Constitution, Vernon's Ann.St. there is supposed to be two Justices of the Peace in any city that is within a SINGLE JUSTICE PRECINCT with 8,000 or more inhabitants. The City of Marshall has more than 8,000 inhabitants, is contained wholly

within Justice Precinct 5, and there have been two Justices of the Peace elected in prior years. Art. 5, Sec. 18 of the Constitution of Texas reads, in part, pertaining to Justice and Constable Precincts, as follows:

"Each organized county in the State now or hereafter existing, *SHALL* be divided from time to time, *for the convenience of the people,* into precincts, not less than four and not more than eight. Divisions *SHALL* be made by the Commissioners Court provided for by this Constitution. In each such precinct there *SHALL* be elected *one Justice of the Peace* and *one Constable,* each of whom *SHALL* hold his office for four years and until his successor *SHALL* be elected and qualified; *provided that in "ANY PRECINCT"* in which there may be a city of 8,000 or more inhabitants, there "*SHALL*" be elected two Justices of *the Peace. * * *"* Emphasis added.

We are called upon to decide whether or not, in any Justice Precinct where there is a city of 8,000 or more inhabitants in any one Justice Precinct that there must be two Justices of the Peace elected every four years.

This suit originated because, on April 12, 1968, Judge William "Bill" Lane, who was the incumbent Justice of the Peace, Place 1, Justice Precinct 5, resigned. He was a candidate, without opposition, in the Democratic Primary election, and his name remained on the ballot in the May, 1968, Primary. By a vote of the people, he was the Democratic Nominee.

On June 18, 1968, the Commissioners Court entered an order in which it attempted to abolish the office of Justice of the Peace, Place 1, Justice Precinct 5 of Harrison County, Texas.

On or prior to October 1, 1968, Judge Lane certified, in writing, that he would not accept the Democratic Nomination of Justice of the Peace, Place 1, Justice Precinct 5 of Harrison County, Texas. On October 1, 1968, the Harrison County Democratic Executive Committee nominated Ben Z. Grant as the Democratic Nominee for the office of the Justice of the Peace, Place 1, Justice Precinct 5.

Donald Stevens, the Republican Nominee for Justice of the Peace, Place 1, Justice Precinct 5, filed in this court a petition for a Writ of Mandamus, seeking to prohibit Hon. Glenn Link, County Clerk, from putting the name of Ben Z. Grant on the general election ticket as the Democratic Nominee. The writ was denied. Stevens v. Link, Tex.Civ.App. (1968), 433 S.W.2d 779, N.W.H.

The ballots were printed and it seems that all of the voters of Justice of the Peace, Place 1, Justice Precinct 5 in the general election carried the name of Ben Z. Grant as the Democratic Nominee, and Donald Stevens as the Republican Nominee.

After the general election in 1968, the Commissioners Court refused to canvass the returns of Place 1, Justice Precinct 5 and certify the results thereof. Petitioner Grant, as Relator, filed an application for Writ of Mandamus in the Supreme Court of Texas, seeking the order of that Court to compel Respondents to (1) canvass the votes cast in the 1968 general election for the office of Justice of the Peace, Place 1, Justice Precinct 5, of Harrison County, and declare and certify the results; and (2) order the reinstatement of the office of Place 1, Justice Precinct 5 of Harrison County, which the Commissioners Court had unconstitutionally ordered abolished. Grant v. Ammerman, Texas Sup.Court, 1969, 437 S.W.2d 547.

The Supreme Court granted the Writ of Mandamus ordering the Commissioners Court to canvass the election returns and declare the results thereof. They denied the Writ of Mandamus to compel the Commissioners Court to reinstate the office of Justice of the Peace, Place 1, Justice Precinct 5 of Harrison County, since the Relator had an adequate remedy in the Dis-

trict Court to challenge the order abolishing the office. Citing: Brazos River Conservation and Reclamation District v. Belcher (1942) 139 Tex. 368, 163 S.W.2d 183; Glenn v. Milam (1924) 114 Tex. 160, 263 S.W. 900; Matthaei v. Clark (1920) 110 Tex. 114, 216 S.W. 856.

As pointed out in Grant v. Ammerman, supra, there is a city in Harrison County, Texas, that is contained within it a single Justice Precinct with more than 8,000 inhabitants. We must decide whether or not that part of the provision of the Texas Constitution which reads:

"provided that in *ANY PRECINCT* in which there may be a city of 8,000 or more inhabitants, there *SHALL* be elected two Justices of the Peace", (Emphasis added)

is mandatory; or, whether or not the Commissioners may, *"FOR THE CONVENIENCE OF THE PEOPLE"*, abolish one of the offices. This court held in Meredith v. Sharp, Tex.Civ.App., 1953, 256 S.W.2d 870, that it was discretionary with the Commissioners Court in the performance of its duty to create the office of two Justices of the Peace in a Justice Precinct with a city of 8,000 or more inhabitants "for the convenience of the people". In doing so, this court went back to the first provision of the Constitution as to the division of the county into Justice and Constable Precincts from four to eight "for the convenience of the people". There is no doubt in our mind that this court only considered that provision of the Constitution, which reads as follows:

"Each organized county in the State now or hereafter existing, *SHALL* be divided from time to time, *for the convenience of the people*", into precincts, not less than four and not more than eight. Divisions *SHALL* be made by the Commissioners Court provided for by this Constitution. In each such precinct there *SHALL* be elected one Justice of the Peace and one Constable, each of whom *SHALL* hold his office for four years

and until his successor *SHALL* be elected and qualified; * * *" Emphasis added.

In that case, the Supreme Court held (1953) 152 Tex. 437, 259 S.W.2d 172, that:

"Under our view petitioner has no interest, financially or otherwise, which would authorize him to maintain this suit. Yett v. Cook, 115 Tex. 205, 281 S.W. 837. The trial court should therefore have dismissed the suit rather than deny the writ, but since the practical effect of the two orders is the same, no purpose would be served in granting the writ to reform the judgment. The application is therefore stamped Refused. No Reversible Error."

The order entered by the Commissioners Court attempting to abolish the office of Justice of the Peace, Place 1, Justice Precinct 5, reads as follows:

"(Motion by Power—Seconded by Craver —Voting for Motion: Power, Craver and Ammerman—Voting against Motion: Keasler—Metcalf abstained from Voting —MOTION CARRIED)

"IT IS ORDERED by the Commissioners' Court of Harrison County, Texas, that the Office of Justice of Peace, Precinct No. 5, Place No. 1, be in all things abolished effective June 18, 1968, on the basis that such Justice of Peace Court is not justified for the convenience of such people in said Precinct."

In compliance with the order of Writ of Mandamus, the Commissioners Court canvassed the returns of the general election of the Justice of the Peace, Place 1, Justice Precinct 5, and found that Ben Z. Grant received 4,897 votes, Donald W. Stevens received 2,642 votes, and John C. Pollard, Jr., a write-in candidate, received 120 votes, making a total of 7,659 votes that were cast in the general election.

This court held in Stevens v. Link, supra, and the Supreme Court held in Grant v. Ammerman, supra, that whether or not

the Commissioners Court had legally and constitutionally abolished the office of Justice of the Peace, Place 1, Justice Precinct 5, constituted a question of fact and of law and that the petitioner should seek his relief in the District Court. This has happened and we must construe Art. 5, Sec. 18, of the Texas Constitution as to whether or not the Commissioners Court had the constitutional authority to abolish an office of a Justice of the Peace in a Justice Precinct containing a whole city of 8,000 or more inhabitants. It seems that the writers of the Constitution had in mind that the Commissioners Court could, for the convenience of the people, divide the county into not less than 4 and not more than 8 Justice and Constable Precincts. It further provides that in each of those precincts there *SHALL* be elected one Justice of the Peace and one Constable and each *SHALL* "hold his office for four years". Then the Constitution provides that in "any precinct" in which there may be a city of 8,000 or more inhabitants, there *SHALL* be elected two Justices of the Peace". We hold that the last provision is mandatory because the word "SHALL" is used and it doesn't give the Commissioners Court any authority whatever to abolish one of the offices of one of the Justices of the Peace. In the interpretive commentary of Art. 5, Sec. 18, of the Texas Constitution, in speaking of the authority granted the Commissioners Court, we find the following statement:

"They have no powers or duties other than those clearly set forth and defined in the constitution and statutes. They were created to carry out a policy common to the whole state and not mainly to advance the interests of the particular locality".

We hold that the provision of Art. 5, Sec. 18, of the Texas Constitution which provides there shall be two Justices of the Peace in any city in any county in the state that is contained within one Justice Precinct is mandatory.

The judgment of the trial court is reversed and remanded with instructions that the District Court issue the Writ of Certiorari because the order entered by the Commissioners Court attempting to abolish the offices of Justice of the Peace, Place 1, Justice Precinct 5, in a precinct that contains a city of 8,000 or more inhabitants is void. He is further ordered to have the Commissioners Court declare that Ben Z. Grant is the duly elected Justice of the Peace of Place 1, Justice Precinct 5 of Harrison County, Texas, for four years, beginning January 1, 1969.

It is so ordered.

## ON MOTION FOR REHEARING

Appellees have filed a MOST EXCELLENT BRIEF in their attempt to set aside the opinion of this Court handed down on January 13, 1970. They bring forward twelve points of error.

 It seems that they rely on that provision of Art. 5, Sec. 18 of the Constitution of Texas, which provides that the commissioners court may divide the county into various justice precincts of not less than four and not more than eight, "for the convenience of the people". Then, they place much emphasis on the opinion of the Supreme Court of Texas in Grant v. Ammerman et al., 1969, 437 S.W.2d 547, in which the Supreme Court made the following statement:

"The county has not changed the precinct boundaries for a long period of time, but the city has expanded by the annexation of additional territory so that parts of the city are now located in and are served by Justice Precincts 1 and 3, as well as 5."

It is doubtful that the Supreme Court had before them the orders of the commissioners court that were entered on September 28, 1965, in which it described Justice Precinct 5 as follows:

"Being all of commissioners Precinct No. 2, as above described, TOGETHER

WITH ALL OF THE TERRITORY LOCATED WITHIN THE CITY LIMITS of the City of Marshall, Texas."

By construing the description of Justice Precinct No. 5 as containing ALL OF THE TERRITORY LOCATED WITHIN the city limits of the City of Marshall, Texas, it includes all the additional territory that has been added to the City of Marshall, Texas. In the annexation of additional territory, the city automatically extended the justice precinct lines of Justice Precinct 5. We did not construe Art. 2375, V.A.T.C.S. in the original opinion, but we only constructed that part of the constitution which provides:

"* * * provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two Justices of the Peace."

Article 2375 reads as follows:

"Where there is a city of eight thousand inhabitants or more in a justice precinct, two justices of the peace shall be elected."

It seems that the article is also mandatory because the word "SHALL" is used.

If the commissioners court had provided in the order entered on September 28, 1965, that Justice precinct 5 shall be described as follows:

"Being all of commissioners precinct No. 2, as above described, together with all of the territory 'THAT IS NOW' located within the City Limits of Marshall, Texas";

then, when the city added more territory to the City of Marshall, Texas, that would have eliminated the necessity of electing two (2) Justices of the Peace in Precinct 5 as a matter of law. That way, all of the territory located within the City Limits of Marshall, Texas, would not lie "wholly" within one justice precinct.

We note further that in any justice precinct that contains all of a city with 8,000 or more inhabitants that require two (2) justices of the peace, there are no provisions for the election of two (2) constables.

A careful examination of the records in this case does not describe Justice Precincts 1 and 3 of Harrison County, Texas, as containing any portion of the territory located within the City of Marshall, Texas. If they did, we would still stand by our original construction that we handed down in our original judgment.

The points are overruled.

The motion for rehearing is overruled.