

# The Attorney General of Texas

June 21, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Romeo Flores
County Attorney
Jim Wells County Courthouse
200 North Almond
P. O. Drawer 2080
Alice, Texas    78333

Opinion No. JM-174

Re:  Whether a justice precinct
which contains a city of 8,000
or more must elect two justices
of the peace

Dear Mr. Flores:

You have requested our opinion regarding the effect of article 2375, V.T.C.S., which provides:

> Where there is a city of eight thousand inhabitants or more in a justice precinct, two justices of the peace shall be elected.

You have asked whether this provision is mandatory.

The determination of the number of justice precincts in a county is made pursuant to article V, section 18 of the Texas Constitution as amended in 1983. Obviously, this constitutional provision supersedes any contrary statutory provisions. Section 18 provides in pertinent part as follows:

> Each county in the State with a population of 30,000 or more, according to the most recent federal census, from time to time, for the convenience of the people, shall be divided into not less than four and not more than eight precincts. Each county in the State with a population of 18,000 or more but less than 30,000, according to the most recent federal census, from time to time, for the convenience of the people, shall be divided into not less than two and not more than five precincts. Each county in the State with a population of less than 18,000, according to the most recent federal census, from time to time, for the convenience of the people, shall be designated as a single precinct or, if the Commissioners Court determines that the county needs more than one precinct, shall be divided into not more than four precincts. The division or designation shall be made by the Commissioners

> Court provided for by this Constitution.  In each
> such precinct there shall be elected one Justice
> of the Peace and one Constable, each of whom shall
> hold his office for four years and until his
> successor shall be elected and qualified; provided
> that in any precinct in which there may be a city
> of 18,000 or more inhabitants, there shall be
> elected two Justices of the Peace.   (Emphasis
> added).

The 1980 census population of Jim Wells County is 36,498.  The
underlined portion of section 18 above had, before the amendment,
provided for two justices of the peace in any precinct containing a
city of 8,000 or more.  Article 2375, V.T.C.S., was not amended by the
legislature in 1983 and to the extent that it requires a different
number of justice precincts than that required by the Texas
Constitution, it is invalid.  We believe that your question becomes,
therefore, whether the constitution requires or only permits the
election of two justices of the peace, place one and place two, in a
precinct containing a city of 18,000 population.

The Texas Supreme Court in Williams v. Castleman, 247 S.W. 263
(Tex. 1922), held that under article V, section 18, the commissioners
court had discretion to determine and enter a finding that a city
contained a population of more than 8,000.  In that case the
commissioners court had consulted the city postmaster and the local
chamber of commerce to determine the population of the city of
Breckenridge, and it found that the city had a population of more than
8,000 and thereupon created a justice of the peace place two in that
precinct.  This finding of a city's population or the failure to do so
is subject to a charge of abuse of discretion, fraud, or
arbitrariness.  The commissioners court is not limited to the federal
census in determining the population of a city for the purposes of
article V, section 18.  In the absence of fraud, abuse of discretion,
or capriciousness, a commissioners court finding whether a city
contains a population of 8,000 or more cannot be attacked.  The court
held that the complaining party in the case, the justice of the peace
place one, did not show that the commissioners court finding that the
city of Breckenridge contained the population of more than 8,000 was
an abuse of discretion and that he was therefore not entitled to
relief.

The implication of the Williams case is that, if a city within a
justice precinct clearly contains a population of more than 8,000 (now
18,000) it would be an abuse of discretion for the commissioners court
to find otherwise.  In this sense, the provision of article 18
requiring two justices of the peace in a precinct containing such a
city is mandatory, although the operative facts -- that is the
population of the city -- is a matter for determination by the
commissioners court.  We believe that the language of section 18 is

clear that there "shall" be elected two justices of the peace in a precinct containing a city of more than 18,000 population.

Opinions from this office and Texas courts, however, have confused the issue as to whether or not section 18 is mandatory. Attorney General Opinion O-2847 (1940) concluded that section 18 was mandatory. That opinion reflects that the 1940 federal census population of the city of Lufkin, located within a justice of the peace precinct, was 9,500 inhabitants. The opinion stated that the commissioners court is not bound by the federal census in determining the population of a city and may find that the population has decreased since the last census. The appeals court in Grant v. Ammerman, 451 S.W.2d 777 (Tex. Civ. App. - Texarkana 1970, writ ref'd n.r.e.), also held that section 18 was mandatory as to the appointment of a second justice. The court held that the commissioners court did not have the authority to abolish one of the two justice positions in a justice of the peace precinct containing the city of Marshall, which had a population of over 8,000. The opinion did not discuss the Williams case nor did it conclude that the commissioners court had abused its discretion. It simply held that the word "shall" is mandatory and requires two justices of the peace to be elected in a precinct containing a city of 8,000 inhabitants. We believe, nevertheless, that this case was correctly decided.

The appeals court in Meredith v. Sharp, 256 S.W.2d 870 (Tex. Civ. App. - Texarkana), writ ref'd n.r.e. per curiam, 259 S.W.2d 172 (Tex. 1953), held that the provisions of section 18 regarding two justices of the peace in a precinct containing a city of 8,000 was not mandatory, but rather that it was within the discretion of the commissioners court to allow two justices of the peace to be elected in a single precinct if "for the convenience of the people." We believe that this decision was in error and, in any event, the supreme court in refusing a writ of error stated that the case should have been dismissed by the trial court. Id., 259 S.W.2d 172 (Tex. 1953). The appeals court in Meredith apparently was confused by the language in section 18 which provides that the number of justice of the peace precincts and their boundaries are to be determined by the commissioners court "for the convenience of the people" upon a relevant finding of population -- a finding involving some discretion. We believe that this phrase is not applicable to the requirement that two justices of the peace be elected in a precinct containing a city of, now, 18,000, because the population has been determined and there is no longer any discretion to be exercised. In that pre-1983 case a taxpayer of Gregg County sued the commissioners court to compel it to create a place two for a justice of the peace precinct containing the city of Longview which without dispute contained more than 8,000 inhabitants.

The Meredith court found that the creation of an additional justice of the peace position was a discretionary act on the part of the commissioners court which was permitted if found to be for the

convenience of the people.   The opinion relied on the Williams v. Castleman case for the proposition that the commissioners court has discretion in establishing justice of the peace precincts and their lines.   We believe, as we indicated before, that this proposition was based on a misreading of Williams because the discretion discussed in the Williams case pertained to the finding that a city has the requisite population.   Attorney General Opinion WW-1251 (1962) followed the Meredith case and concluded that the Gray County Commissioners Court could abolish one of the two justice of the peace positions in a precinct containing the city of Pampa with a population of more than 24,000.   This opinion was wrongly decided and is hereby overruled.

Attorney General Opinion C-566 (1965) concerned the election to justice of the peace precinct one, place two in Hale County, which wholly contained the city of Plainview, with a population of more than 18,000 under the federal census.   The commissioners court of Hale County had never entered an order declaring the population of Plainview to be more than 8,000 in creating a place two position.   The attorney general found that, unless and until the commissioners court declares a city to be over 8,000 (now 18,000 population) and orders the creation of a place two position, candidates may not file for such a non-existent office.   This opinion is correct to the extent that it requires some action on the part of the commissioners court before a place two position is created.   To the extent, however, that the opinion held that the place two position must be determined by the commissioners court to be "for the convenience of the people," it is overruled.   As we have stated above, the only discretion that a commissioners court has is in determining the population of a city.   Once that population is determined to be in excess of 18,000 population, it does not have discretion to find that the convenience of the people does not require a place two position.

## S U M M A R Y

Article V, section 18 of the Texas Constitution requires the election of two justices of the peace in a precinct if it is determined by the commissioners court that the precinct contains a city of more than 18,000 inhabitants.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton