In re Burnice Birdo
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-016-CV

IN RE BURNICE BIRDO


 

 Original Proceeding
                                                                                                               

O P I N I O N
                                                                                                               

      Burnice Birdo filed a petition for writ of mandamus seeking an order from this Court 
compelling the Honorable William McAdams, a district judge in Madison County, to issue an
order compelling the district clerk of Madison County to file his inmate lawsuit against prison
officers pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.


 By letter on
January 4, 2000, Birdo had asked Judge McAdams to order the district clerk to accept and file
his lawsuit. In the letter to Judge McAdams, he stated that if the desired order was not
entered, he would be compelled to seek mandamus relief. Birdo filed his petition for writ of
mandamus with us on January 21, 2000, contending that Judge McAdams had refused to order
the district clerk to file his lawsuit.
      When a district clerk refuses to accept a pleading presented for filing, the party presenting
the document may seek relief by filing an application for writ of mandamus in the district
court. Tex. Gov’t Code Ann. § 24.011 (Vernon 1988); In re Bernard, 993 S.W.2d 453, 454
(Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O’Connor, J., concurring). The
proper way to obtain a review of a district court’s denial of a petition for writ of mandamus is
by direct appeal. Brazos River Conservation and Reclamation Dist. v. Belcher, 163 S.W.2d
183, 184, 139 Tex. 368 (1942); In re Price, 998 S.W.2d 897 (Tex. App.—Waco 1999, orig.
proceeding). 
      Even if we construed Birdo’s letter to the district judge as a petition for writ of mandamus
and the case filed with us as an appeal of the denial of that petition, we have no written order
or other evidence of the proceedings below to indicate that the trial court had refused to grant
Birdo’s requested relief. Tex. R. App. P. 52.3(j)(1)(A); see also Axelson, Inc. v. McIlhaney,
798 S.W.2d 550, 556 (Tex. 1990). We do not believe that on these facts we can infer a refusal
of the trial court to act. Therefore, Birdo’s petition for writ of mandamus is denied. Birdo’s
motion of February 1, 2000 is moot.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Writ denied
Opinion delivered and filed February 9, 2000
Do not publish